GUSTAF ANDERSON, Appellant, *v.* GUSTAVE H. SCHORN and WALTER H. BROWER, Copartners Doing Business under the Firm Name and Style of SCHORN & BROWER, Respondents.

Second Department, November 21, 1919.

Motor vehicles — negligence — injuries to pedestrian struck by skidding automobile — dismissal of complaint — sufficiency of evidence to raise question of defendants' negligence.

In an action to recover damages for injuries received by the plaintiff by being struck by defendants' automobile, it was error to dismiss the complaint at the close of the plaintiff's case, where the evidence shows that the automobile was stopped at a street intersection by a traffic officer, and that after starting, in response to the signal of said officer, it was turned to the right into the intersecting street and in making the turn it skidded on the wet pavement so far that the rear end struck the plaintiff who was standing about six feet from the opposite curb, and fifteen feet beyond the center line of the street, and it is shown, also, that a city ordinance required a vehicle turning to the right into another street to turn the corner as near to the curb as practicable.

The operation of the defendants' automobile in violation of the city ordinance, coupled with the skidding of the rear wheels with the knowledge of the driver, presented a question of fact for the jury as to whether the driver at the time was using reasonable care.

BLACKMAR, J., and JENKS, P. J., dissented, with opinion.

APPEAL by the plaintiff, Gustaf Anderson, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 1st day of March, 1919, as amended and corrected by an order entered in said clerk's office on the 7th day of April, 1919.

The judgment was entered upon a dismissal of the complaint by direction of the court at the close of plaintiff's case.

*Henry M. Dater* [*Jay S. Jones, Edward J. Fanning* and *L. Victor Fleckles* with him on the brief], for the appellant.

*Murray G. Jenkins* [*William B. Shelton* and *William Dike Reed* with him on the brief], for the respondents.

KELLY, J.:

We adopt the location of the streets agreed upon by the parties at the trial. On May 16, 1917, about half-past four in the afternoon, the plaintiff, walking in an easterly direction on the north, or left-hand, side of Broadway, in the borough of Brooklyn, reached the northwest corner of Broadway and Havemeyer street, which latter street crosses Broadway and the parties agree that it runs, substantially, north and south. The plaintiff was on his way to the elevated railroad station at Marcy avenue and Broadway, which was one block east of Havemeyer street. When he reached the northwest corner he observed the defendants' motor truck coming west on Broadway, in the opposite direction to plaintiff's course, and at that time it had reached the northeast or opposite corner of Broadway and Havemeyer street. The defendants' truck was from fifteen to eighteen feet in length, was partially loaded with empty boxes and was equipped with solid wheels. Havemeyer street is forty-five feet in width between the curbs and has an asphalt roadway. Broadway is paved with cobblestones. Plaintiff started to cross Havemeyer street at the crosswalk. The street pavement was wet; it had been raining previous to the accident. At the time the plaintiff stepped from the curb the automobile had not changed its course, but as he did so and after he had taken two steps from the curb it began to turn into Havemeyer street to the north. When the plaintiff saw the truck turning, he stopped. The truck did not turn at the northeast corner, but, instead, turned beyond the middle of Havemeyer street. The plaintiff testified that when he stopped he was about six or seven feet out from the west curb of Havemeyer street. The truck came around in front of him, the head of the truck passing him, but the hind end skidded and struck him, knocking him down and

inflicting the injuries for which he sought to recover in this action. He testified that he heard no gong ʹor warning from the truck, and that it proceeded on its way sixty or seventy or may be one hundred feet after it struck him, before stopping. At the end of plaintiff's case, the learned trial judge expressing some doubt whether there was proof of negligence in the operation of the truck, the plaintiff called the truck driver as his witness. The driver testified that he first saw the plaintiff as the truck was turning, and that plaintiff was then in the middle of Havemeyer street, about twenty-two and one-half feet from the west curb; that his machine was then about midway between the center of the street and the east curb, and he said later that it was six or seven feet from the east curb. He said that he did not slow up when he saw the plaintiff; that he blew his horn and " hollered at the man; " that the truck was going slowly. At the time he saw plaintiff his truck was skidding, the front going straight but " the rear was skidding around." The rear of the truck struck the plaintiff, and the driver testified that he went fifteen feet after striking him.

The learned trial judge dismissed the complaint, on the ground that there was no evidence of negligence on the part of the truck driver. It is not contended that plaintiff was guilty of contributory negligence. The learned judge said he thought the accident was occasioned by the skidding of the defendants' truck, but that there was nothing in the case to show that the skidding was the result of negligent operation, and he was of opinion that the method in which the turn was made as claimed by plaintiff, that is, the failure of the driver to make the turn as near to the east curb of Havemeyer street as practicable as directed by the city ordinance, was not a proximate cause of the accident. The ordinance in question (Code of Ordinances City of New York, chap. 24, art. 2, § 11) provides *inter alia:* " § 11. Driving. 1. Keeping to the right. Vehicles shall keep to the right, and as near the right hand curb as possible. * * * 5. Turning to the right into another street. A vehicle turning to the right into another street shall turn the corner as near to the curb as practicable."

The learned counsel for the respondents argues that it has

been held that the mere fact that an automobile skidded does not justify a finding of negligence on the part of the driver. (*Rango* v. *Fennell*, 168 N. Y. Supp. 646; *Philpot* v. *Fifth Avenue Coach Co.*, 142 App. Div. 811, 821; *Iannone* v. *Weber-McLoughlin Co.*, 186 id. 594.) The facts in the cases cited, however, are entirely dissimilar from those in the case at bar. The defendants' automobile in the present case had been stopped on its westerly course by the traffic officer at the northeast corner of Broadway and Havemeyer street. Starting up in response to his signal, it came ahead and made the turn from the cobble pavement on Broadway to the wet asphalt pavement on Havemeyer street. If we accept the plaintiff's evidence, as we must on the nonsuit, the driver of the automobile had the easterly half of Havemeyer street, twenty-two and one-half feet in width, in which to make his right-hand turn, and the ordinance required him to keep as near to the easterly curb as practicable. The plaintiff at this time had taken but two steps, six or seven feet, from the west curb of Havemeyer street, so that he was at least fifteen feet west of the center line of the street, yet the defendants' automobile was so operated that it struck the plaintiff. The driver says that as the automobile passed plaintiff he was about six or seven feet from him. It is true that the driver says that at this time plaintiff was in the middle of Havemeyer street, but the plaintiff contradicts him, and the police officer testified that plaintiff was about six feet from the west curb of Havemeyer street when he was struck. In my opinion, this method of operation in violation of the city ordinance, coupled with the skidding of the rear wheels of the truck on a wet pavement and the fact that the driver testifies that while he was making the turn and when he first saw the plaintiff he knew that his truck was skidding, presented a question of fact for the jury as to whether the driver used reasonable care. If it be true, as argued by the respondents, that automobiles skid in ordinary operation, if the rear part of such a vehicle under normal conditions is apt to swing or skid from side to side, it would appear to call for care on the part of the driver of such a vehicle commensurate with the danger to be avoided, especially to pedestrians at street crossings. This plaintiff, pursuing his course to the east on the north side of Broadway,

observed the automobile coming down Broadway. If it continued on its course it would in no way interfere with him. If it turned to the left, or south, at Havemeyer street it would not cross his pathway. If it turned to the right, or north, he was not in its ordinary or legal course while he was west of the center line of Havemeyer street. When but six or seven feet out from the west curb, this vehicle is found over on the left or wrong side of Havemeyer street, operated in such manner that the rear end collided with him. I think all these facts presented an issue as to negligent operation, to be determined by a jury.

The judgment should be reversed and a new trial granted, with costs to appellant to abide the event.

MILLS and PUTNAM, JJ., concurred; BLACKMAR, J., read for affirmance, with whom JENKS, P. J., concurred.

BLACKMAR, J. (dissenting):

The complaint alleges that the plaintiff was injured by being struck by an automobile that was turning a corner from Broadway into Havemeyer street in the borough of Brooklyn, and it assigns negligence in control as the cause of action.

The evidence was that an automobile truck, driven by an employee of the defendants, was turning the corner from Broadway, which has a granite pavement, into Havemeyer street, which is paved with asphalt; that the plaintiff stood in the roadway of Havemeyer street at or near the street crossing, waiting for the truck to pass; and as it passed the rear skidded outward towards him and struck him. Evidence was given that it had been raining and that the pavement was wet; that the motor truck was going neither fast nor slowly but at the usual rate of speed; and that in turning to the right as it did, it did not turn as near as practicable to the curb. It does not appear what kind of tires was on the machine, whether there were chains on them or not; how long it had been raining; how fast the automobile was being driven in turning the corner; nor were any other facts or circumstances proved that might bear upon the solution of the question whether the skidding was due to carelessness in control. A violation of the city ordinance, of which this court must take judicial notice, to

the effect that a vehicle turning to the right into another street should turn the corner as near to the curb as practicable, has no causal relation to the happening of such an accident. (See Code of Ordinances City of New York, chap. 24, art. 2, § 11, subd. 5; Greater N. Y. Charter, § 1556, as amd. by Laws of 1917, chap. 382.) The plaintiff stood in the street, waiting for the motor truck to pass. It was driven in a line that would have carried it safely by him except for the skidding, and the accident was due solely to the skidding of the rear of the truck. The question is whether, from this fact alone, an inference of negligence of the chauffeur may be drawn.

The authorities on the subject are meagre. *Rango* v. *Fennell* (168 N. Y. Supp. 646) was decided by the Appellate Term, First Department, and the conclusion reached that skidding alone was no evidence of negligence in management. To the same effect is *Williams* v. *Holbrook* (216 Mass. 239); and the case of *Philpot* v. *Fifth Avenue Coach Co.* (142 App. Div. 811) seems to approve that view. In Huddy on Automobiles (3d ed.), section 111, the rule is laid down that skidding alone is no evidence of negligence in management. The cases of *Wing* v. *London General Omnibus Company, Limited* (101 L. T. Rep. [N. S.] 411) and *Parker* v. *London General Omnibus Company, Limited* (100 L. T. Rep. K. B. Div. [N. S.] 409) are cited to sustain the doctrine. To the contrary is Babbitt on the Law Applied to Motor Vehicles, section 189, in which *Walton & Co.* v. *Vanguard Motorbus Company* (25 L. T. Rep. K. B. Div. 13) is cited as an authority. In these three English cases the question of negligence in the management of motor vehicles was eliminated either by consent of the plaintiff's counsel, by the finding of the jury, or by the determination of the court, and the question discussed was whether, in view of the known tendency of motor vehicles to skid on damp pavements, it is negligence or a nuisance to operate them in a highway under those conditions. The case of *Walton & Co.* v. *Vanguard Mortorbus Company* really turns on the proposition that as the plaintiff's property was on the sidewalk and was injured by a motor vehicle constructed to operate in the roadway, there is an issue of fact, as to negligence, that should be submitted to a jury. The weight of authority seems to be

that the fact that an automobile skidded, taken alone, is not evidence of negligence.

The same result seems to be reached upon principle. It is a matter of common experience that motor vehicles on rubber tires often skid in the public streets when a light rain has fallen, or where there are other conditions, such as oil on the pavement; and this apparently without negligence on the part of the driver. Under such conditions a slight increase in speed, or the checking of speed by the application of the brakes, or the centrifugal force developed in turning the corner, or even the inequalities due to the crowning of a road, might cause skidding.

The assignment of negligence in the complaint is the want of care in the management of the machine. The skidding might have been due to negligence or to other causes. Before the plaintiff can recover he must establish that his injury was due to defendants' negligence. The inference of negligence cannot be drawn from skidding alone, as it is equally probable that the skidding might have been due to other causes. (*Ruppert* v. *Brooklyn Heights R. R. Co.*, 154 N. Y. 90.)

I think that the disposition made by the learned trial court was correct, and that the judgment should be affirmed.

JENKS, P. J., concurred.

Judgment reversed and new trial granted, costs to abide the event.