EFFIE L. LAKIN, as Administratrix, etc., of LUTHER S. LAKIN, JR., Deceased, Appellant, v. CLIVE L. WRIGHT, Respondent.

Fourth Department, July 1, 1930.

*William S. Stearns*, for the appellant.

*Jackson, Herrick, Durkin & Leet* [*Robert H. Jackson* and *John E. Durkin* of counsel], for the respondent.

PER CURIAM. The court denied defendant's various motions for dismissal of the complaint made on the ground that plaintiff had failed to prove negligence against him. These rulings were correct and the submission of the question to the jury was proper. (*Anderson* v. *Schorn*, 189 App. Div. 495; affd., 231 N. Y. 590; *Philpot* v. *Fifth Ave. Coach Co.*, 142 App. Div. 811; Clevenger Automobiles, 367–372.)

This being a death case, it was not incumbent upon the plaintiff to prove her decedent free from contributory negligence; it was a matter of defense to be alleged and proven by defendant. (Civ. Prac. Act, § 265.) To establish this defense the court, over plaintiff's objection and exception, permitted defendant to testify that decedent made no protest or complaint in reference to the speed of the car or the manner in which defendant was handling it. The door was not opened to this testimony by any evidence given by plaintiff, or in her behalf, or by taking the testimony of defendant by deposition. Neither were the alleged personal transactions testified to by defendant, nor the portions of defendant's deposition, which plaintiff read in evidence, in any sense a part of the transaction in question. The reception of this testimony was error and it cannot be said that it did not affect the verdict. (*McCarthy* v. *Woolston*, 210 App. Div. 152, 156; Civ. Prac. Act, § 347.)

For this reason the judgment should be reversed on the law and a new trial ordered, with costs to appellant to abide the event.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to the appellant to abide the event.