Van Voorhis, J.
Appellant has been convicted of the offense of violating subdivision (a) of section 1180 of the Vehicle and Traffic Law insofar as it states “ No person shall drive a motor *182 vehicle on a public highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.” The constitutionality of this statutory provision has been challenged upon the ground that it is too vague and indefinite for a criminal law. Penalties for such violations are imposed as with - respect to traffic infractions (Vehicle and Traffic Law, § 1801-a). “ This conviction was not for a crime but for a so-called ‘ traffic infraction ’ (Vehicle and Traffic Law, § 2, subd. 29). However, there are applicable to such prosecutions the rules of the criminal law (People v. Hildebrandt, 308 N. Y. 397).” (People v. Firth, 3 N Y 2d 472, 474.) In the case cited, a predecessor statute was held to be unconstitutional upon the ground adduced here by appellant. The language of the earlier provision differed from the present statute, which was amended by chapter 934 of the Laws of 1960 in an endeavor to obviate the Firth decision. The former statute provided that “ No person shall operate a motor vehicle or a motorcycle upon a public highway at such a speed as to endanger the life, limb or property of any person, nor at a rate of speed greater than will permit such person to bring the vehicle to a stop without injury to another or his property.” That statute was held to be invalid for the reason that there is no such thing as a motor vehicle speed incapable of endangering life, limb or property, and that the statute said that a speed is unlawful unless it permits the car to be stopped without injuring anyone or anything. That was held to have been too indefinite for a criminal law. The statute appears to have been redrawn in its present form in the light of a query posed by the concluding paragraph of the opinion by Judge Desmond, as he then was, in that case (People v. Firth, supra, p. 476) viz.: “ The position of the District Attorney and the Attorney-General is that the statute means ‘ that a rate of speed is dangerous and constitutes a violation when it is unreasonable or imprudent under the surrounding conditions ’. Whether or not a statute in those words would be enforcible (see State of Oregon v. Wojahn, 204 Ore. 84; but see, as to absence of standard, Justice Brewer in Tozer v. United States, 52 F. 917, 919), we cannot twist the language of this statute into that meaning. Taking the law as written, we conclude that it is too vague for validity.” We are now confronted with a determination of that question *183 which was reserved in the Firth case. The entire section 1180 of the Vehicle and Traffic Law, including subdivision (a) with which we now have to deal, relates to excessive speed. It is the same section which prescribes 50 miles per hour as the maximum speed generally upon the highways in the State. Unlike the statute against reckless driving (Vehicle and Traffic Law, § 1190) it has nothing to do with the wrongful operation of a motor vehicle in any other respect than speed. Subdivision (a), under which appellant was convicted, was designed for situations where the Legislature considered that the maximum speed should be less than the speeds prescribed in miles per hour, in order to limit the operation of motor vehicles under unusual circumstances— too various to be specifically defined — to such a speed as would be reasonable and prudent under the conditions, having regard to the actual and potential hazards then existing. Recklessness is not an element in this offense, viz., intentional disregard or an abandoned disregard of the safety of others. Probably that is why it is classified as merely a traffic infraction instead of being made a misdemeanor like reckless driving (Vehicle and Traffic Law, § 1190). A reckless driving statute earlier than the version now in force was held to be unconstitutional upon the ground of indefiniteness in People v. Grogan (260 N. Y. 138), upon the basis that it proscribed unnecessary interference with the free and proper use of the public highways, or unnecessarily endangering other users of the public highways. The opinion of the court intimated that the constitutionality of that statute might have been upheld if the word ‘ ‘ unreasonably ” had been substituted for “ unnecessarily ”. It was said in the course of the opinion in Grogan that “ Statutes prohibiting reckless driving, or driving at a rate of speed which is unreasonable under all the conditions, are very generally and by a great weight of authority upheld ” (p. 148). The opinion continued on page 149 by defining such expressions as ‘ ‘ unreasonably interferes ” or ‘ ‘ unreasonably endangers ’ ’ as referring to one who “ interferes with or endangers the user of the highway through the failure to exercise reasonable care, reasonable caution or the reasonable foresight of a reasonably prudent and careful person.” Then the court said: “We then have some standard for the guidance of the court the same as we have in the ordinary negligence case.”
*184 This furnishes a guide to the decision of the present appeal. Subdivision (a) of section 1180, now before us, does not purport to require, as appellant contends, that the driver of a motor vehicle be guilty of this offense if he is unaware of unforeseen conditions rendering his speed hazardous, but, unlike section 1190 regarding reckless driving, it does render a motorist guilty if, in view of existing conditions or actual and potential hazards reasonably to be anticipated, the operator of the automobile is guilty of ordinary negligence with respect to speed alone.
Courts of other States have, for the most part, upheld similar statutes, as in State v. Goldstone (144 Minn. 405, [1920]), State v. Schaeffer (96 Ohio St. 215 [1917]), Smith v. State of Indiana (186 Ind. 252 [1917]), State v. Magaha (182 Md. 122 [1943]), State v. Coppes (247 Ia. 1057 [1956]) and State of Oregon v. Wojahn (204 Ore. 84 [1955]). The case last cited in a 56-page opinion reviews the cases on both sides of the question, and concludes by upholding the validity of a similar statute.
An information may be sufficient charging violation of subdivision (a) of section 1180 of the Vehicle and Traffic Law without stating the speed in miles per hour, provided that enough facts and circumstances are set forth in detail so that, in relation to existing conditions and hazards, the trier of the fact could determine that the speed was not reasonable and prudent. Here, for example, it was alleged and proved that on a slippery icy street the appellant, with knowledge of its slippery nature, started his automobile from a stop on three separate occasions, each time spinning his car around, and ending by sliding off the street into a snowbank. Although skidding is not in itself evidence of negligence (Lahr v. Tirrill, 274 N. Y. 112; Rango v. Fennell, 168 N. Y. S. 646; Philpot v. Fifth Ave. Coach Co., 142 App. Div. 811; Anderson v. Schorn, 189 App. Div. 495; Matter of Fake v. Macduff, 281 App. Div. 630, 633), it was charged and established here that this driver repeatedly operated his automobile with knowledge of these dangerous conditions at a speed which the trier of the fact could determine was greater than reasonable and prudent. The mere fact that he was driving at such a speed as to skid in the ordinary course of driving would not have been enough to convict him, but we are confronted with the extraordinary situation that he did the same thing again and again with apparent knowledge of the consequences. This was *185 sufficient to convict him of driving at a speed greater than is reasonable and prudent under the circumstances in violation of subdivision (a) of section 1180 of the Vehicle and Traffic Law. The judgment appealed from should be affirmed.
Chief Judge Desmond and Judges Dye, Fuld, Burke, Foster and Scileppi concur.
Judgment affirmed.