Robert E. Dempsey, J.
This appeal is from a judgment of conviction of the Court of Special Sessions of the Village of Scarsdale, which conviction adjudged the appellant in violation of subdivision (a) of section 1129 of the Vehicle and Traffic Law and imposed a fine of $10.
The affidavit of appeals (errors) sets forth the following grounds for reversal:
(1) The said section of the Vehicle and Traffic Law is unconstitutional;
(2) The People failed to prove defendant’s guilt beyond a reasonable doubt.
Subdivision (a) of section 1129 of the Vehicle and Traffic Law is as follows: “ The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway. ’ ’
It is axiomatic that a statute criminal in nature must be definite. The fact that we are here concerned with a traffic infraction in no way circumvents the requirements of definiteness. (People v. Hilderbrandt, 308 N. Y. 397; People v. Firth, 3 N Y 2d 472, 474.) This statute was held to be unconstitutional in the case of People v. Cecconi (23 Misc 2d 164) where at page 166 the court indicated, “But, a failure to observe ordinary care seems to me to be too uncertain and indefinite to subject *410 such an offender to criminal liability as well.” He found the statute did not give an unequivocal warning of the rule which is to be obeyed and he relied on People v. Firth (supra). In the later case of People v. Lewis (13 N Y 2d 180), subdivision (a) of section 1180 of the Vehicle and Traffic Law was held to be constitutional. That section provides that no person shall drive a motor vehicle at a speed that is greater than reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. The court found that this language (reasonable and prudent under prevailing conditions) was in fact a standard sufficiently definite for application in criminal cases. We are persuaded that the Lewis case controls the situation and that the instant statute is not too vague or indefinite and is therefore not unconstitutional.
At the trial there was testimony that indicated that on April 15, 1965, at about 9:10 p.m., appellant was stopped by a police officer and charged with the violation in question. The police officer at the trial indicated that he had followed the appellant for approximately three fourths of a mile and that during that distance the appellant was traveling at about 30 miles per hour and at a distance of approximately one-half car length behind a car immediately preceding the appellant’s vehicle. The appellant indicated that the car in front of him was driving in a rather erratic fashion and that his speed varied between 20 and 30 miles per hour and he further testified that at the slower range of speeds he was approximately three fourths of a car length behind the preceding car and at faster speeds a greater length. In finding the defendant guilty the Trial Judge indicated that a safe distance between vehicles is one car length for each 10 miles per hour. At page 28 he indicated that to a certain extent he was guided by this rule of thumb in the following language: “In this respect I have in mind a rule of thumb which may perhaps be contained in the regulations of the Motor Vehicle Bureau. I’m not sure of the latter but it is at least a recommendation of the Motor Vehicle Bureau published in various of its publications, and that is: that the safe distance between vehicles is one car-length for each 10 miles per hour, which would indicate in this case that the safe distance which should have existed between Mr. Heid and the car in front of him was 30 feet if the officer’s testimony is correct, or at least 20 to 30 feet if Mr. Heid’s testimony is correct. The proof seems to be uncontradicted that the distance between the vehicles was less than 20 to 30 feet. Mr. Heid himself testifying that at times the distance was three-quarters of a car length which is about 12 to 15 feet I suppose, depending upon the *411 vehicle used. Of course the police officer’s testimony placed the cars much closer; that is, at one-half a car length. Under these circumstances I feel there is no reasonable doubt as to the defendant’s guilt and accordingly I find him guilty of the charge.”
The statute itself makes no reference to the rule of thumb apparently applied by the Trial Judge. The expression “reasonable and prudent” being due regard for the speed of such vehicles and the traffic upon and the condition of the road allows for flexibility. It goes without question that the rule of thumb would under certain circumstances provide for the improper spacing of vehicles. Quite obviously in the Village of Scarsdale during the rush hour, such as it exists, it would be impractical if not impossible, to ascribe to that rule of thumb. On the other hand, on a deserted highway whose surface has been made slick with ice the distance set forth by that rule of thumb might be grossly inadequate. Indeed there is some indication that the police officer himself could have violated that rule of thumb in pursuing this defendant. It is through this flexibility that the statute maintains its status of constitutionality, for if it were inflexible, it would appear to be unconstitutional for an entirely different reason, it would be unreasonable.
Application of a “rule of thumb ” dehors the record and without any proof to sustain this judicial observation should not be the basis for a conviction of this defendant. This court further points to the declaration of the Court of Appeals in People v. Lewis (supra, p. 185) as to what an information should contain in a prosecution where the standards of “ reasonable ” and “ prudent ” are to be employed is alleging a violation thereof as contrasted with section 147-a to section 147-g of the Code of Criminal Procedure, as added by chapter 605, Laws of 1962. Following closely in a reasonable effort to pass another car in a reasonable manner may not be a violation. The application of the “rule of thumb” test by the Presiding Judge would prohibit one car from passing another. The test would seem to be defined in People v. Byron (17 N Y 2d 64, 67) “ The evil sought to be prevented is excessive or unusual noise ’ ’ ’ and in further passing on this “muffler statute ”, the court said that “ The purpose of the statute * * * is not to prohibit noise but to minimize noise ”. The statute under review (Vehicle and Traffic Law, section 1129, subd. [a]) does not prohibit one following a car closely, but does make an unreasonable and improvident operation in close proximity a violation.
The judgment of conviction is reversed and a new trial is ordered consistent with this opinion. Submit order on notice.