

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

October 24 , 1969

Mr. Royal Hart                      Opinion Request No.M-495
District Attorney
119th Judicial District       RE:   Constitutionality of
County Courthouse                   Article 6701d, Section
San Angelo, Texas                   166(b) and Section
                                    166(c), Texas Civil
Dear Mr. Hart:                      Statutes

        You have requested the opinion of this office as to
the constitutionality of Article 6701d, Section 166, Sub-
sections (b) and (c), Texas Civil Statutes.   In addition
you have asked for suggestions as to the wording of complaints
made under the authority of the statute.
        The appropriate provisions of Article 6701d, Section
166, read as follows:

> "(a)   No person shall drive a vehicle
> on a highway at a speed greater than is
> reasonable and prudent under the circum-
> stances then existing.   Except when a
> special hazard exists that requires low-
> er speeds for compliance with paragraph
> (b) of this Section, the limits specified
> in this Section or established as herein-
> after authorized shall be lawful, but any
> speed in excess of the limits specified
> in this Section or established as herein-
> after authorized shall be prima facie
> evidence that the speed is not reasonable
> or prudent and that it is unlawful:"

[Subsection (a) is followed by various paragraphs setting
prima facie speed limits and definitions]

> "(b)   No person shall drive a vehicle

on a highway at a speed greater than is
reasonable and prudent under the conditions
and having regard to the actual and potential
hazards then existing.  In every event speed
shall be so controlled as may be necessary to
avoid colliding with any person, vehicle or
other conveyance on or entering the highway
in compliance with legal requirements and the
duty of all persons to use due care.

"(c)  The driver of every vehicle shall,
consistent with the requirements of para-
graph (b), drive at an appropriate reduced
speed when approaching and crossing an inter-
section or railway grade crossing, when ap-
proaching and going around a curve, when ap-
proaching a hill crest, when traveling upon
any narrow or winding roadway, and when special
hazard exists with respect to pedestrians or
other traffic or by reason of weather or high-
way conditions."

To be valid a penal statute must be clear.  Article
I, Section 10, Constitution of Texas declares that every accused
has the right to know the nature and cause of the accusation
against him.  This requirement is reenforced by Article
6, Texas Penal Code, which provides that a penal statute
must be written in definite and understandable terms.  A
presumption of constitutionality exists, however, unless the
statute in question is clearly in violation of the constitu-
tion; and a statute may be couched in general terms if the
offense is defined so that persons of ordinary intelligence
will understand what acts are prohibited.  Ex Parte Frye, 156
S.W.2d 531 (Tex.Crim. 1941).

Various decisions of the Texas Court of Criminal Appeals

have considered the validity of early laws relating to speed and reckless driving.  In Russell v. State, 228 S.W. 566 (Tex. Crim. 1921), the court held invalid for lack of plain language a statute which required drivers to operate vehicles ". . . in a careful manner with due regard for the safety and convenience of pedestrians and all other vehicles . . ." In Ex Parte Slaughter, 243 S.W. 478 (Tex.Crim. 1922), the court held invalid the requirement that motorists not exceed a specified speed where the territory contiguous to the highway was "closely built up" because the term "closely built up" was indefinite.  A statute was held invalid in Ladd v. State, 27 S.W.2d 1098 (Tex.Crim. 1930), because the re- quirement that no motorists should pass other vehicles at a rate that might "endanger" persons or property set no definite standard.  A conviction for reckless driving was reversed in Ex Parte Chernosky, 217 S.W.2d 763 (Tex.Crim. 1949). The opinion in the Chernosky case held that the statutory test of driving "without due caution or circumspection" was indefinite, a position which was affirmed in Ex Parte De La Pena, 251 S.W.2d 136 (Tex.Crim. 1952).  In the latter case, the court mentioned Article 827a, Section 8, Texas Penal Code, which preceded the statute under consideration in this opinion, but made no comment on the validity of the article.

The present Article 6701d, Section 166, Texas Civil Statutes, was enacted in a revision of Article 827a, Section 8, Texas Penal Code, which read in Subsection 1 as follows:

> "(a)  No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions then existing, having regard to the actual and potential haz- ards when approaching and crossing an inter- section or a railway grade crossing, when ap- proaching and going around a curve, when ap- proaching a hill crest, when traveling upon any narrow or winding roadway, or when special

hazard exists with respect to pedestrians or
other traffic or by reason of weather or high-
way conditions; and in every event, speed shall
be so controlled as may be necessary to avoid
colliding with any person, vehicle, or other
conveyance on or entering the highway in com-
pliance with legal requirements and the duty
of all persons to use due care.

"(b)   Where no special hazard exists that
requires lower speed for compliance with sub-
section 1(a) of this Section, the speed of any
vehicle not in excess of the limits specified
in this subsection or established as herein-
after authorized shall be lawful, but any
speed in excess of the limits specified in
this subsection or established as herein-
after authorized shall be prima facie evidence
that the speed is not reasonable or prudent
and that it is unlawful:"

[Subsection (b) was followed by various paragraphs setting
prima facie speed limits and definitions.]   The foregoing
language was considered to be constitutional by this office in
Attorney General's Opinion No. V-1562 (1952).

Since the date of Opinion No. V-1562, the Court of Criminal
Appeals has considered the validity of Article 827a, Section
8, in Rowland v. State, 311 S.W.2d 831 (Tex.Crim. 1958).
In that case the appellant was charged with having driven at
an unreasonable and imprudent speed in excess of the prima
facie speed limit.   Article 827a, Section 8, was found valid
to the extent that prima facie speed limits set a definite
standard.   Judge Woodley's opinion in dictum (311 S.W.2d
831, 838) questioned the validity of the basic prohibition
against unreasonable and imprudent speed contained in Sub-
section 1(a) of Section 8, but the court reached no decision
on this point.

The question of the constitutionality of Article 827a,
Section 8, arose again in Eaves v. State, 353 S.W.2d 231
(Tex.Crim. 1962).   Judge Morrison, writing for the court,
reviewed the fact that most states had laws similar to that
of Texas, with a number of appellate courts having upheld

those statutes, and made the following conclusion:

> "The aim of every appellate judge should
> be to achieve uniformity in interpretation
> of similar laws. It is with this in mind
> that I align myself with the great weight
> of authority and hold the statute consti-
> tutional . . . ." (353 S.W.2d 231, 232).

The conviction was reversed, however, because the information
had failed to allege that the defendant's speed was not reasonable
and prudent, as well as in excess of the prima facie limits.
In overruling the state's motion for rehearing, Judge Woodley,
for the court, affirmed the position taken in the Rowland
case and ruled that the statute was constitutional as applied
to driving at a speed in excess of the prima facie limit for
business districts. The defendant had been charged with
driving in excess of the prima facie speed limit, so the
holding of the court was not squarely on the validity of
the reasonable and prudent speed test in the absence of prima
facie limits. The broad language in Eaves v. State, supra,
written for the court by Judge Morrison, would indicate an
inclination on the part of the court to uphold all portions of
Article 827a, Section 8.

Statutes similar to that of Texas have been considered
by the courts of other states and have generally been upheld.
The annotation on speed regulations found in 6 A.L.R. 3d 1326
contains a number of citations to cases upholding various
statutes with tests such as the "reasonable and prudent" speed
test of the Texas statute. See 6 A.L.R. 3d 1326, 1331-1339,
Sections 5 and 6.

The New York Court of Appeals in People v. Lewis, 13 N.Y.
2d, 245 N.Y.S.2d 1, 194 N.E.2d 831, 6 A.L.R.3d 1321 (1963),
upheld the New York speed law against a challenge for indefinite-
ness. The law in question contained the following basic rule
worded the same as Article 6701d, Section 166(b), Texas Civil

Statutes:

> "No person shall drive a motor vehicle
> on a public highway at a speed greater than
> is reasonable and prudent under the conditions
> and having regard to the actual and potential
> hazards then existing."

The New York court reasoned that the statute in effect placed the duty of ordinary care on drivers and was designed for situations when the maximum speed should be less than the prescribed speed limit ". . . in order to limit the operation of motor vehicles under unusual circumstances - too various to be specifically defined - to such a speed as would be reasonable and prudent under the conditions . . . ." 6 A.L.R. 3d 1321, 1324.

The Rhode Island courts have taken a somewhat more restrictive view than have the New York courts but nonetheless have considered the Rhode Island statute valid. The statute considered by the court in State v. Brown, 196 A2d 133 (Rhode Island Sup.Ct., 1963), was worded similarly to the basic test contained in the Texas and New York statutes. The court reversed the conviction in the Brown case because the complaint against the defendant alleged only the basic prohibition against unreasonable and imprudent speed and did not allege any of the specific hazards requiring reduced speed as mentioned in the statute. The court stated that the statute was sufficiently definite to be valid, however, and that the offense of driving at an unreasonable and imprudent speed could result from driving in excess of the statutory speed limits or from failure to reduce speed under the conditions of hazard specified in the statute. The Rhode Island court apparently would not go beyond the listed hazards in determining when speeds should be reduced below prima facie speed limits.

The Supreme Court of Iowa upheld a law requiring a ". . . careful and prudent speed not greater than nor less than is

reasonable and proper . . . ." The court reasoned that a driver must obtain a license and hence must have knowledge of traffic laws and the operation of an automobile and should know what speeds are reasonable under various circumstances. See State v. Coppes, 78 N.W.2d 10 (Iowa Sup.Ct.,1956).

The Texas Statute must be considered in view of the various Texas and out-of-state decisions, as well as the constitutional and statutory requirement of definiteness. Language in Judge Morrison's opinion in Eaves v. State, supra, indicates that the Court of Criminal Appeals probably would uphold the reasonable and prudent speed test of Article 6701d, Section 166(b) and Section 166(c), although some Texas decisions have struck down various speed and reckless driving statutes for vagueness. No Texas decision has invalidated the provisions of Section 166(b) and Section 166(c) or the rule in the prior penal statute, Article 827a, Section 8, Subsection 1. The basic prohibition against unreasonable and imprudent speed found in Section 166(b) of Article 6701d has been expressly upheld as found in an identical New York statute. People v. Lewis, supra. The Rhode Island courts have indicated the validity of speed laws like that of Texas. State v. Brown, supra. Similar provisions have been found valid in other jurisdictions, although the courts are not unanimous.

The language of Section 166(b) and Section 166(c) of Article 6701d is more clearly written than that of Article 827a, Section 8, Subsection 1, in that Section 166(c) specifically directs that a driver reduce speed when encountering one of the listed hazards. Thus the dictum in Rowland v. State, supra, concerning the definiteness of Article 827a, Section 8, probably would not be applied by the Court of Criminal Appeals to the present statute.

Although we have some doubt as to the constitutionality of the language in question, but basing our opinion solely on the opinions of our Court of Criminal Appeals this office is of the opinion that the provisions of Article 6701d, Section 166(b) and Section 166(c), Texas Civil Statutes, are sufficiently definite to be valid as penal provisions. See Eaves v. State, supra, and the general holdings of courts in jurisdictions outside Texas, as well as the ruling of this office in Attorney General's Opinion No. V-1562 (1952).

The second portion of the opinion request deals with the wording of complaints filed under Article 6701d, Section 166(b) and Section 166(c). The general form of complaints before justice and corporation courts is established by Article 45.01, Article 45.16, and Article 45.17, Texas Code of Criminal Procedure. The complaint should always track the language of the first sentence of Section 166(b) and should further allege in detail the specific hazard under Section 166(c) requiring that speed be reduced. If an accident is involved, the complaint should include an allegation tracking the test in the second sentence of Section 166(b). A complaint not containing a full description of the offense will not be upheld. See Eaves v. State, supra.

## SUMMARY

The provisions of Article 6701d, Section 166(b) and Section 166(c), Texas Civil Statutes, are sufficiently definite to be valid as penal provisions, in view of the language in Eaves v. State, 353 S.W.2d 231 (Tex.Crim.1962).

A complaint filed under the provisions of Section 166(b) and Section 166(c) should allege that the defendant failed to comply with the basic rule in the first sentence of Section 166(b) and should allege in detail the particular conditions requiring that speed be reduced.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Roland Daniel Green III
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
George Kelton, Vice-Chairman

Mr. Royal Hart, page 9, (M-495)


Arthur Sandlin
Jack Sparks
Bob Lattimore
Roland Allen

MEADE F. GRIFFIN
Staff Legal Assistant

HAWTHORNE PHILLIPS
Executive Assistant Attorney General

NOLA WHITE
First Assistant Attorney General