[No. 514-3.    Division Three.    June 29, 1972.]

THE STATE OF WASHINGTON, *Appellant*, v. DONALD H. BORTON, *Respondent.*

*Donald C. Brockett, Prosecuting Attorney,* and *Jerold W. Heller, Deputy,* for appellant.

*Donald H. Borton,* pro se.

MUNSON, C.J.—The state appeals from a judgment notwithstanding the verdict dismissing the charge of driving too fast for conditions. We reverse.

Defendant was arrested by a trooper of the Washington State Patrol west of Spokane on Interstate Highway 90 on November 28, 1970. The trooper testified the maximum speed limit in the vicinity of the arrest was 60 miles per hour; however, at that time the highway was covered with compact snow and ice. Traffic was proceeding between 35 to 40 miles per hour. Even at those limited speeds, the

trooper was experiencing some slipping of his vehicle, which was equipped with four studded tires. The defendant passed the trooper, as well as other traffic, at a speed estimated by the trooper to be 55 miles per hour. The trooper pursued the defendant attaining speeds of approximately 60 miles per hour. He experienced some sliding and slipping of his vehicle during his pursuit. The defendant's vehicle was equipped with regular highway tires, not of the winter or snow type construction.

Defendant was charged in justice court, represented himself, and entered a plea of not guilty; he was found guilty. He appealed pro se to the superior court. He again represented himself and the jury again found him guilty. The trial court, however, on a pro se posttrial motion, concluding that the state's evidence was insufficient to allow the case to go to the jury, ordered dismissal of the charge.

On a motion for judgment notwithstanding the verdict, "the trial court must concern itself only with the presence or absence of the required quantum" of evidence. *State v. Randecker*, 79 Wn.2d 512, 516-18, 487 P.2d 1295 (1971).

The charge emanates from RCW 46.61.400, which states:

(1) No person shall drive a vehicle on a highway at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing. In every event speed shall be so controlled as may be necessary to avoid colliding with any person, vehicle or other conveyance on or entering the highway in compliance with legal requirements and the duty of all persons to use due care.

(2) Except when a special hazard exists that requires lower speed for compliance with subsection (1) of this section, the limits specified in this section or established as hereinafter authorized shall be maximum lawful speeds, . . .

. . .

(3) The driver of every vehicle shall, consistent with the requirements of subsection (1) of this section, drive at an appropriate reduced speed . . . when special

hazard exists . . . by reason of weather or highway conditions.

This statute essentially is a codification of the common-law principle of ordinary care. *State v. Wojahn,* 204 Ore. 84, 282 P.2d 675 (1955). As stated in *Graham v. Roderick,* 32 Wn.2d 427, 433, 202 P.2d 253, 6 A.L.R.2d 1237 (1949):

> The extent of caution necessary to be taken in the exercise of ordinary care varies according to the circumstances of each case and the character of the danger to be avoided.

■ The intent of the statute is to avoid accidents. Therefore, the test of the sufficiency of the evidence is really a subjective one. Here the trooper testified to the nature of the highway, the existing road conditions, the prevailing speed of moving traffic, what he was experiencing in the operation of his own vehicle, and the type of tires with which both vehicles were equipped. The trooper attested to his belief in a violation of the statute by instigating the arrest and charging the defendant.

The defendant testified to his many years of driving experience and the thousands of miles he drives yearly throughout the United States, including the Alcan Highway during the winter. It was his opinion that when arrested, he was operating his vehicle in a reasonable and prudent manner under the existing conditions. This too is a subjective conclusion.

There is no testimony that the defendant's vehicle was sliding or that it was in any way not under the control of its operator. Such evidence, however, is not required by the statute. We find there were sufficient facts and circumstances set forth in the testimony to establish a prima facie case. *Cf., People v. Lewis,* 13 N.Y.2d 180, 245 N.Y.S.2d 1, 194 N.E.2d 831 (1963); *Commonwealth v. Klick,* 164 Pa. Super. 449, 65 A.2d 440 (1949).

■ The determination of whether or not the state met its burden of proof, *i.e.,* beyond a reasonable doubt, is within the sole province of the jury. *State v. Randecker,*

*supra.* The trial court erred in granting judgment notwithstanding the verdict.

The order of dismissal is vacated and the jury verdict is reinstated; the case is remanded to the trial court for imposition of sentence.

GREEN and EVANS, JJ., concur.

Petition for rehearing denied July 31, 1972.

Review denied by Supreme Court October 12, 1972.