Richard L. Baltimore, Jr., J.
An officer of the Westchester County Parkway Police issued a summons to the defendant for violating subdivision (a) of section 1129 of the Vehicle and Traffic Law.
Subdivision (a) of section 1129 reads as follows: “ The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.”
Defendant moves to dismiss the information on the ground that subdivision (a) of section 1129 is unconstitutional, or, in the alternative, directing the People to serve a bill of particulars setting forth the acts constituting the violation.
This court has been able to find only two cases passing on the constitutionality of this section; one holds it to be unconstitutional, the other holds it to be constitutional.
*224 Defendant relies upon People v. Cecconi (23 Misc 2d 164 [Justice Ct., Town of Schuyler, Herkimer County, 1960]). In this case the court held this section to be unconstitutional. The court there equated “ reasonable and prudent ” to the rule of ordinary care, which would apply in the absence of statute. The court (pp. 166, 167) said: “ It seems to me that for this statute to truly create, criminal liability, it should be possible to ascertain the standard of conduct prior to any consequence. For, if ascertainment is not then possible, the statute does not give ‘ unequivocal warning.of the rule which is to be obeyed ’ (People v. Firth, supra). While it may very well be desirable, in the interests of safety on the public highway, to place the burden of such determination upon the public prior to any consequences, it is not at all consonant with the protection afforded the public under our cripainal statutes. No one will know what the acts prohibited are until aftfer trial in such instance.”
Contrariwise, People v. Heid (50 Misc 2d 409 [County Ct., Westchester County, 1966]), held this section to be constitutional.
The court there relied upon the rationale of People v. Lewis (13 N Y 2d 180 [1963]). In that case, referring to speed, the court held that reasonable and prudent under the prevailing conditions was a standard sufficiently definite for application to criminal cases.
Heid applied this principle also to the question of driving too closely. While the court in the Heid ease reversed the judgment of conviction, it did so on different grounds.
Following closely in a reasonable effort to pass another car in a reasonable manner may not be a violation. The flexibility provided in the statute, subdivision (a) of section 1129, makes it constitutional. *
As the Court of Appeals said in People v. Byron (17 N Y 2d 64, 66, 67 [1966]): “ criminal statute must be sufficiently definite, clear and positive to give unequivocal warning to citizens of the rule which is to be obeyed. It is also true, of course, that all presumptions and intendments favor the validity of a statute and mere doubt does not afford sufficient reason for a judicial declaration of invalidity. * * *
“ The test is whether a reasonable man subject to the statute would be informed of the nature of the offense prohibited and what is required of him. Such warning must be unequivocal but this requirement does not preclude the use of ordinary terms to express ideas which find adequate interpretation in common usage and understanding,”
*225 The words in the statute, subdivision (a) of section 1129, through common usage convey to the public a sufficiently clear and accurate concept of the activity which is prohibited.
The statute is constitutional. The language is also adequately specific. The People need not furnish a bill of particulars and the defendant is not entitled thereto. The language of the statute tells the defendant what he must meet.
The motion is in all respects denied.