**LOGAN CITY, Plaintiff and Respondent,**

v.

**David Craig CARLSEN, Defendant and Appellant.**

**No. 15739.**

Supreme Court of Utah.

Sept. 28, 1978.

David Craig Carlsen, pro se.

J. Blaine Zollinger, Logan City Atty., Logan, for plaintiff and respondent.

HALL, Justice:

Defendant, David Craig Carlsen ("Carlsen"), appeals his traffic offense conviction of "following too close" in violation of Section 42–8–8 of the Revised Ordinance of Logan City, 1969, which reads in pertinent part as follows:

(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the conditions of the street.

Carlsen was initially tried and convicted of said offense in the Logan City Court. He thereafter sought and obtained a trial de novo[1] in the First District Court and it is from his conviction there that this appeal stems.

Two points are raised on appeal: (1) that the ordinance is unconstitutionally vague in that it fails to give a person of ordinary intelligence fair notice of the type of driv-

---

1. Provided for by Article VIII, Section 9, Constitution of Utah and U.C.A., 1953, 78–3–5.

ing that is forbidden, and (2) that the evidence presented was insufficient to support the conviction.

It is well recognized in the law that one may not be held criminally responsible for conduct which he could not reasonably understand to be proscribed.[2] However, the ordinance in question does not violate that principle. It prescribes a readily understandable standard of conduct, viz., that a person driving a vehicle cannot follow another vehicle ". . . more closely than is reasonable or prudent having regard for the speed of such vehicles and the traffic upon and the conditions of the street."

We hold that the ordinance is not unconstitutionally vague and that it adequately informs the operators of motor vehicles of the kind of conduct that is forbidden. This holding is consistent with the holdings of our sister state jurisdictions which have been called upon to construe similar enactments which establish driving standards in "reasonable and prudent" terms.[3]

The second point on appeal, that of insufficiency of the evidence, presents a matter that is not appealable to this Court. Appeals from justice or city courts lie only to the District Courts and the decision there is final, except in cases involving the validity or constitutionality of an ordinance.[4]

Affirmed.

ELLETT, C. J., and CROCKETT, J., concur.

MAUGHAN and WILKINS, JJ., concur in result.

---

**2.** *United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed.2d 989 (1954).

**3.** *State v. Bush,* 182 N.E.2d 43 (Ohio, 1962); *People v. Heid,* 50 Misc.2d 409, 270 N.Y.S.2d 474 (N.Y.1966); *People v. DeCasaus,* 150 Cal. App.2d 274, 309 P.2d 835 (1957); *Smith v. State,* 237 So.2d 139 (Fla.1970).

**4.** Article VIII, Section 9, Constitution of Utah.