## The STATE of Utah, Plaintiff and Appellant,

v.

## Delbert Dean LODDY, Defendant and Respondent.

### No. 16855.

Supreme Court of Utah.

Sept. 29, 1980.

Ronald L. Elton, Tooele County Atty., H. Wayne Green, Tooele, for plaintiff and appellant.

Edward K. Brass, Robert Van Sciver, Salt Lake City, for defendant and respondent.

WILKINS, Justice:

This is an appeal by the Tooele county attorney from an order of the District Court of that county dismissing a charge of theft against Defendant Delbert Dean Loddy. The right to appeal from such an order was, at the time the appeal was taken, granted by Section 77–39–4(1).[1] This section was replaced as of July 1, 1980, by Section 77–35–26.

In attacking the dismissal, the county attorney raises two issues, and defendant maintains that the county attorney lacks

---

1. All references are to Utah Code Ann., 1953, as amended.

authority to bring this appeal. As we agree with defendant, only that issue will be here addressed.

In *State v. Jiminez,*[2] this Court stated:

... the various County Attorneys are constitutional officers and are empowered to perform such duties "as may be prescribed by law"[3] (footnote omitted).

The powers and duties of county attorneys were prescribed by the Legislature in Section 17–18–1, which provides in pertinent part:

The county attorney is a public prosecutor, and must:

(1) Conduct on behalf of the state all prosecutions for public offenses committed within his county ...

\* \* \* \* \* \*

(3) ... the county attorney shall appear and prosecute for the state in the *district court* of his county in all criminal prosecutions, and may appear in all civil cases in which the state may be interested, and render such assistance as may be required by the attorney general in all such cases that may be appealed to the Supreme Court ... (emphasis added).

Likewise the attorney general is a constitutional officer[4] whose duties are prescribed by law. Section 67–5–1 sets forth those duties and provides in part:

It is the duty of the attorney general:

(1) To attend the Supreme Court of this state, and all courts of the United States, and prosecute or defend all causes to which the state ... is a party ...

\* \* \* \* \* \*

(5) To exercise supervisory powers over the ... county attorneys of the state in all matters pertaining to the duties of their offices ...

\* \* \* \* \* \*

(7) When required by the public service or directed by the governor, to assist any ... county attorney in the discharge of his duties.

This appeal was taken by the Tooele county attorney in the name of the State, but the record does not disclose that he was rendering "such assistance as ... required by the attorney general ..." And significantly, the Tooele county attorney has not responded in any way to this critical point. Therefore, this appeal must be dismissed.

CROCKETT, C. J., and MAUGHAN, HALL and STEWART, JJ., concur.

---

2. Utah, 588 P.2d 707 (1978).

3. *Id.*, at 707–708. See Utah Const., Art. VII, § 10.

4. See *State v. Jiminez, supra,* n. 3 and Utah Const., Art. VII, §§ 1 & 18.