The STATE of Utah, Plaintiff and Appellant,

v.

Donald Gene WILSON, Defendant and Respondent.

No. 20100.

Supreme Court of Utah.

Sept. 13, 1985.

Jon Bunderson, Brigham City, for plaintiff and appellant.

Karl G. Perry, Brigham City, for defendant and respondent.

STEWART, Justice:

The defendant was convicted by a jury of presenting a false or fraudulent insurance claim pursuant to U.C.A., 1953, § 76–6–521. The trial judge set the conviction aside, ruling that as a matter of law the evidence was insufficient to establish that a claim had been presented. The Attorney General declined to bring this appeal from that ruling but authorized the county attorney to proceed with the appeal. *See* U.C.A., 1953, § 17–18–1(3) (Supp.1983); *State v. Loddy*, Utah, 618 P.2d 60 (1980). We affirm.

The defendant, Donald Gene Wilson, is a friend of John Marchant. On April 6, 1983, the defendant was riding with Marchant in Marchant's dump truck on a downhill grade when Marchant lost control of the truck and crashed it into the rear of a pickup truck. Marchant did not report the accident to the police.

The next day Marchant and the defendant went to an office of Smith-Leavitt Insurance in Brigham City to purchase insurance for Marchant's dump truck. Marchant was so insistent on obtaining the insurance quickly, that the insurance agent asked, "What's the rush? Have you already crashed the truck?" They both answered no. The defendant loaned Marchant the money to purchase the insurance.

Marchant discussed with the defendant the possibility of filing a claim for the damage to Marchant's truck from the accident either shortly after or shortly before the insurance was purchased (the testimo-

ny is unclear). On about April 14, 1983, Marchant called Smith-Leavitt and reported that he had crashed the truck on April 12th. Based on information given by Marchant over the phone, the insurance agent filled out an "Auto Accident Liability Notice," also known as an Acord.

In making a claim application, the insurance agent usually fills out the Acord based on the information given by an insured and initiates the claim process by sending the Acord to the main office. Before the insurance company considers that a claim has been filed with it, an insured must submit bids for repair of the damage and a police accident report. These documents are essential parts of a claim and must be filed in the insurance company's office. Without these documents, the claim is not deemed filed and the insurance company will not pay.

At any time up until the supporting documents are submitted, an insured may halt the claims process. *Compare State v. Kitchen*, Utah, 564 P.2d 760 (1977). *See generally* 19 J. Appleman, *Insurance Law and Practice* § 10571 (1982); 13A G. Couch, *Cyclopedia of Insurance Law* § 49A:62 (1982). On April 21, Marchant called the Smith-Leavitt office and asked to have the claim process stopped.

Marchant and the defendant were charged with presenting a false or fraudulent insurance claim pursuant to § 76-6-521. Marchant pled guilty, and the defendant pled not guilty. The defendant was tried and the jury was instructed that it could hold the defendant liable as a principal if he encouraged or intentionally aided Marchant in filing the fraudulent claim. *See* § 76-2-202.

On a motion to arrest judgment, the trial court set aside the defendant's conviction on the following grounds:

If a claim was made it was made by the owner of the vehicle, one Marchant, by a phone call to the insurance agent who advised Marchant that the "proof of loss" and an "accident report" would have to be supplied before the "claim could be processed." Neither of these documents was furnished to the insurance agent and the insured testified that he determined not to proceed further.

. . . .

... [T]he court ... concludes that the facts herein were, as a matter of law, insufficient to establish that a fraudulent insurance claim had been presented or that the defendant, Wilson, had assisted or aided or been involved in the presentation of such a claim.

It is from this ruling that the State appeals.[1]

The fraudulent insurance claim statute, § 76-6-521, states:

Every person who presents, or causes to be presented, any false or fraudulent claim, or any proof in support of any such claim, upon any contract of insurance for the payment of any loss, or who prepares, makes or subscribes any account, certificate of survey, affidavit or proof of loss, or other book, paper or writing, with intent to present or use the same, or to allow it to be presented or used, in support of any such claim is punishable as in the manner prescribed for theft of property of like value.

In this case, the critical language of the statute is "[e]very person who presents, or causes to be presented, any false or fraudulent claim." The statute does not define what constitutes presenting a fraudulent claim. The State construes the statute to make criminal an insured's false telephonic notice of an accident. We think the statute requires more than that. Notice of an accident falls short of causing a false claim "to be presented."

In determining what constitutes the presentment of a claim, we begin with the well-established principle that all prohibited conduct must be sufficiently described so that people of ordinary intelligence are giv-

---

1. Since the ruling was on a motion to arrest judgment, the State has a right of appeal pursuant to U.C.A., 1953, § 77-35-26(c)(2) (Supp.

1983). *State v. Musselman*, Utah, 667 P.2d 1061, 1065 n.2 (1983); *State v. Myers*, Utah, 606 P.2d 250 (1980).

en fair notice of what conduct is proscribed. *E.g., State v. Theobold,* Utah, 645 P.2d 50 (1982); *State v. Carlsen,* Utah, 638 P.2d 512 (1981); *State v. Kennedy,* Utah, 616 P.2d 594 (1980); *Logan City v. Carlsen,* Utah, 585 P.2d 449 (1978). In this case, we look to the practice and procedures of the insurance company as a guide to when a claim is deemed presented.

 The insurance company's claim procedures prohibit payments to a claimant before receiving bids for repairs and the police accident report. We hold that one who causes a claim "to be presented" must have at least pursued a company's claim procedure to the point where the insurance company would reasonably be expected to pay a claim on the basis of the defendant's oral or written submittals. The insurance company's claim procedures prohibited payment on a claim before receiving bids for necessary repair work and police accident reports. Neither type of document was submitted. The defendant took no such action and therefore was not implicated in the presentation of a claim. Under the above standard and on the facts of this record, we hold that the defendant did not commit a crime under § 76-6-521.

Affirmed.

HALL, C.J., and HOWE, DURHAM and ZIMMERMAN, JJ., concur.