OPINION OF THE COURT
Peter E. Corning, J.
This is an appeal from a conviction of the Auburn City Court rendered on August 31, 1989 wherein the appellant was found guilty of section 1129 (a) of the Vehicle and Traffic Law *400 (following too closely). The appellant was fined $40 plus a $10 surcharge.
FACTS
On April 10,1989, at approximately 6:25 p.m., the appellant, a police officer for the City of Auburn, was on duty in his police cruiser. While proceeding northerly on New York State Route 34 in downtown Auburn, the appellant noticed a red pickup truck proceeding in the opposite direction which he observed had improper inspection and registration stickers. He reversed direction and proceeded southerly attempting to follow and ultimately stop the vehicle. While proceeding southerly on Route 34, the appellant approached the intersection of Route 34 with the so-called Auburn "Loop” Road, which is marked by a standard traffic light. At this point, appellant was behind a vehicle operated by one Kathleen Lawler. As the vehicles approached the intersection the traffic light changed from green to amber. Kathleen Lawler’s vehicle continued across the stop line and crosswalk and thereafter came to an abrupt stop. Appellant, following Kathleen Lawler, assumed she would continue her maneuver through the intersection, braked too late and collided with the rear of the Lawler vehicle. The appellant was issued a uniform traffic ticket charging violation of Vehicle and Traffic Law § 1129 (a) (following too closely).
A nonjury trial was held in Auburn City Court on June 14, 1989, at the conclusion of which the City Court Judge, Andrew S. Fusco, reserved decision. The matter was thereafter briefed by the parties and Judge Fusco rendered his written decision dated August 31, 1989 finding the defendant guilty. This appeal followed.
CONTENTIONS
The appellant makes the following contentions:
(1) Appellant contends section 1129 (a) of the Vehicle and Traffic Law (following too closely) is unconstitutional.
(2) Appellant contends the trial court erred as a matter of law in failing to apply the proper standard of proof for conviction.
(3) Appellant contends the court failed to consider appellant’s vehicle as an emergency vehicle under the Vehicle and Traffic Law.
*401 THE LOWER COURT’S DECISION
The lower court found that both vehicles were operating in a southerly direction on Route 34 at a speed of 25 to 30 miles per hour, which is well within the speed limit for the City of Auburn. The court further found that the Lawler vehicle made an abrupt stop some 28 feet beyond the intersection’s stop line and crosswalk and that the appellant applied his brakes but was unable to stop, resulting in a rear-end collision. The remainder of the lower court’s decision deals with the constitutionality and application of the statute but concludes that appellant should have anticipated Miss Lawler’s abrupt stop and the failure to do so, combined with the collision, constituted a violation of section 1129 (a) of the Vehicle and Traffic Law.
CONSTITUTIONALITY
The court finds section 1129 (a) of the Vehicle and Traffic Law (following too closely) constitutional. One lower court has ruled the statute unconstitutional. (See, People v Cecconi, 23 Misc 2d 164 [Justices’ Ct, Town of Schuyler 1960].) Two lower court decisions have held the statute constitutional. (See, People v Heid, 50 Misc 2d 409 [Westchester County Ct 1966]; People v Giustiniani, 73 Misc 2d 223 [New Rochelle City Ct 1973].) The Court of Appeals has held that terminology similar to the language found in section 1129 (a) of the Vehicle and Traffic Law is constitutional. (See, People v Lewis, 13 NY2d 180 [1963].)[1] Accordingly, I find section 1129 (a) of the Vehicle and Traffic Law to be constitutional.
STANDARD OF PROOF TO BE APPLIED
Appellant contends that the lower court’s reference to numerous civil cases rather than criminal cases resulted in the application of the civil standard of proof (preponderance of evidence) rather than the proper standard of proof (reasonable doubt). I cannot agree. Although the lower court did not explicitly state the defendant was guilty beyond a reasonable doubt, I am convinced that such a standard was applied and *402 that the reference to civil cases went to the standard of care rather than the burden of proof.
Nevertheless, the standard applied by the lower court must be discussed. The court’s decision appears to imply that negligence (failing to anticipate the sudden stop of a vehicle) combined with a rear-end collision constitutes the offense of following too closely. That premise taken to its logical conclusion would render almost every driver involved in a rear-end collision in violation of section 1129 (a). This is not the law or the fact. Such a broad statute would be unconstitutional under the doctrine of People v Firth (3 NY2d 472 [1957]) and was clearly not the intention of the Legislature. In practicality, rear-end collisions seldom result in prosecution for following too closely.[2]
The Court of Appeals, in People v Lewis (supra), while discussing the law of "speed not reasonable and prudent”, posed a specific standard for guidance. That standard may be improvised to apply to section 1129 (a), i.e., "a motorist would be guilty of following too closely if in view of the speed of the vehicles, traffic upon or condition of the highways reasonably to be anticipated, he is guilty of ordinary negligence with respect to following too closely alone.” This standard, which would appear to withstand constitutional attack, would obviously require some proof of distance between the cars. The lower court made no such finding.
Assuming the standard above is applied to the case at bar, the lower court’s findings must be reversed for two reasons.
First, the court in its decision did not apply the standard of "reasonably to be anticipated” but rather "unable to have been anticipated” and "could not have been reasonably expected”. "Unable to” and "could not have been” are a higher standard of care than "reasonably”. As stated in Zwilling v Harrison (269 NY 461, 463 [1936]), "It is not inconceivable that a driver of the highest possible skill could have stopped this car in time to avoid collision with the car ahead, but this defendant was not bound to possess such extraordinary ability. [He] was bound to use no more than reasonable care under the circumstances”.
Second, the lower court’s decision rested solely on the failure of the appellant to anticipate the sudden stop of the Lawler vehicle for the amber traffic light. Section 1129 (a) of *403 the Vehicle and Traffic Law states as follows: "The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.” (Emphasis added.) Clearly, the Legislature in enacting the statute recognized that the distance between two vehicles would vary with conditions, i.e., following at 15 feet may be prudent at 20 miles per hour but would not be reasonable at 65 miles per hour; following a vehicle in close proximity is more reasonable in heavy traffic than sparse traffic; following a vehicle at 20 feet on a dry highway may be reasonable but not on an icy highway where skidding could be anticipated. To this end the Legislature allowed the conditions of speed, traffic and highway conditions to be considered in determining what was "too close” but did not make every condition a factor to be considered. If the Legislature had intended that every conceivable condition could be considered it would have so stated as it did, for example, in section 1180 (a) of the Vehicle and Traffic Law: "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then existing.” (Emphasis added.) Since the Legislature did not make section 1129 (a) all encompassing as to the conditions to be considered this court determines that a finding of guilt based solely upon the failure to anticipate a driver’s reaction to a traffic device was erroneous.
CONSIDERATION OF APPELLANT’S VEHICLE AS AN EMERGENCY VEHICLE
The pertinent sections of law that apply to appellant’s contentions that he was an emergency vehicle are section 101 of the Vehicle and Traffic Law which classifies every police vehicle as an emergency vehicle; section 114-b of the Vehicle and Traffic Law which defines emergency operation as "pursuing an actual or suspected violator of the law” (emphasis added); and section 1104 of the Vehicle and Traffic Law which exempts authorized emergency vehicles during emergency operation from the moving provisions of the Vehicle and Traffic Law.
The record clearly states that appellant was operating a police vehicle and following a possible violator, who he intended to stop. These facts are conceded in a letter from the District Attorney to the Auburn City Court dated May 4, *404 1989. While it is true that appellant made a distinction between "following” and "pursuit” in his testimony, such distinction is without legal justification. Webster’s New World Dictionary defines pursue as: "1. to follow in order to overtake 2. to follow.”
It was, at the very least, the duty of the prosecutor to disprove the emergency vehicle theory. The record is devoid of such proof; nor did the lower court apparently consider the emergency vehicle doctrine in its decision.
CONCLUSION
For all the reasons stated in this decision, the judgment of conviction in the City Court charging the defendant with violation of section 1129 (a) of the Vehicle and Traffic Law is hereby reversed, vacated and the information dismissed in the interest of justice.[3]

. In People v Lewis (13 NY2d 180) the Court of Appeals held that section 1180 (a) of the Vehicle and Traffic Law which stated, "No person shall drive a vehicle at a speed greater than is reasonable and prudent under the conditions and having regard to the actual and potential hazards then .existing” was sufficiently definite to be constitutional. (Emphasis added.)

. In 1987, the City of Auburn Police investigated 223 rear-end collisions which resulted in only 10 tickets being issued.

. Dismissal of the charge had previously been agreed to by the District Attorney, in the "interest of justice”, and could have concluded this unfortunate matter except for the insistence upon a general release from the defendant as a condition thereof. Such a condition was subsequently held against public policy by the Court of Appeals. (See, Cowles v Brownell, 73 NY2d 382 [1989].)