## LEE C. HUTCHINSON v. J. WILSON ROE.

*Exemption of working material from execution.*

A quantity of shingles and building lumber, worth less than $100, was *held* exempt from execution as stock or material to enable defendant to carry on his trade as carpenter and joiner, where he was about to use it in building a homestead, and had, aside from this, only $75 worth of property connected with his business.

Error to Ingham. Submitted Oct. 5. Decided Oct. 20.

REPLEVIN. Defendant brings error. Affirmed.

*Edward C. Chapin* for plaintiff in error.

*S. L. Kilbourne* for defendant in error.

GRAVES, J. The plaintiff in error holding an execution against Roe made seizure of a small quantity of shingles and building lumber and Roe replevied the same before a justice

of the peace, and obtained judgment. Hutchinson appealed. The only controverted question was whether the property was liable to execution under the exemption laws; and the circuit judge being of opinion that the evidence was incapable-of any other construction, and was conclusive in Roe's favor, directed the jury to find for him, and they did so.

It was proved that his trade was that of carpenter and joiner; that his wife owned a city lot in Lansing; that he was engaged in putting up a dwelling-house on it for their future home; that they had no homestead elsewhere; that he owned a kit of tools worth $75, and the building materials in question, which were worth less than $100, and owned no other tools, stock or material connected with his trade and business. He was about working this stuff into the house before mentioned and part of it was lying on the lot and the rest in the street in front of it, and a portion was already framed and fitted for use.

It is needless to speculate on the suggestion that the property had perhaps become constructively devoted to the purpose of a homestead and appropriated to an end which exempted it under the Homestead Law, because it is clear enough that it was exempt by the statute applicable to exemptions of personal property. It was stock or material to enable Roe to carry on his trade of carpenter and joiner, and hence the conclusion which the court reached was entirely proper. The facts were undisputed and they authorized no other result.

The judgment must be affirmed with costs.

The other Justices concurred.