## The People v. George Phalen and Michael Croninger.

*Bastardy proceedings—Jurisdiction.*

Proceedings under the Bastardy Act are special, but combine features of both criminal and civil cases. Their primary purpose is to protect the public from the expense of supporting illegitimate children, and the expense of compelling obedience falls upon the People in whose name, also, the proceedings are instituted; but the rules as to weight of testimony are the same as in civil cases. They are *quasi* criminal in so far as their purpose is to protect the public; and they are therefore within the jurisdiction of the police court of Grand Rapids which can hear all cases of a *quasi* criminal nature that were formerly within the jurisdiction of justices. But their determination by the police justice is not necessarily final.

Where a recognizance binding a person to appear and answer a complaint in bastardy proceedings requires him to appear day by day and not depart from court without leave, it remains in force, though the cause be continued as permitted by Comp. L., § 1975; and it is not discharged by the respondent's appearance on the first day of the next term of court after it is given.

Error to Kent. Submitted Oct. 19. Decided Oct. 31.

Debt. The People bring error. Reversed.

Prosecuting Attorney *F. A. Maynard* and Attorney General *Jacob J. Van Riper* for the People. Where the bail bond or recognizance in a criminal case provides that the accused shall appear and not depart without leave of the

court, the bail is not usually discharged by the mere fact that the accused appears and is put upon trial, unless he is formally surrendered as provided by law: *Brandt on Suretyship* § 432; *State v. Tieman* 39 Iowa 474; *State v. Martel* 3 Robinson (La.) 22; *State v. Brown* 16 Iowa 314; *Commonwealth v. Branch* 1 Bush 59; where all cases are continued that are not disposed of, and the principal fails to appear at the succeeding term the bail is liable: *State v. Plazencia* 6 Robinson (La.) 417; in order to exonerate bail in a bastardy case the principal must have been given up: *Blood v. Morrill* 17 Vt. 598.

*James Malcolm* and *Godwin & Earle* for defendants. Where pursuant to the terms of his recognizance a prisoner presented himself at the term of court therein named, and remained in court ready to obey its orders, and no measures were taken to commit him or otherwise secure his appearance at any subsequent term on adjournment, the bond would be discharged, and could not be forfeited by the failure of the prisoner to present himself at a subsequent term: *Smith v. People* 1 Park. Cr. 317; *State v. Mackey* 55 Mo. 51; *Keefhaver v. Com.* 2 Penn. 240; *Kiser v. State* 13 Ind. 80; *Swank v. Ohio* 3 Ohio St. 429; *People v. Blankman* 17 Wend. 252.

MARSTON, J. This was an action brought on a recognizance in a bastardy case. The declaration was demurred to and the demurrer sustained.

Two positions are taken in this Court in support of the judgment which we will consider in their order.

*First,* that the police court of the city of Grand Rapids has no jurisdiction in bastardy cases.

In support of this position it is said that the act conferring jurisdiction upon that court gives the police justice power to hear, try and determine all cases of misdemeanor and of a *quasi* criminal nature, and also to hear and examine and hold to bail persons charged with the commission of felonies, and that the offence charged in this case was not a felony.

Proceedings under the bastardy act are special, and unlike

criminal examinations for felonies. They are not even criminal in the proper sense of the term. The primary object is to protect the public against the danger of being obliged to support the child. The proceedings are carried on in the name of the people and the expense of enforcing obedience falls upon the people and not upon the complaining witness; while the rules applicable to civil cases, as to the weight of testimony, govern: *Semon v. People* 42 Mich. 141; *Sutfin v. People* 43 Mich. 37; *Waite v. Washington* 44 Mich. 389. The proceedings therefore cannot be classed as strictly criminal or civil in their nature but partake somewhat of the elements of both. They are *quasi* criminal in so far as the aim is to protect the public. They partake somewhat of the nature of criminal cases. A complaint is made and a warrant issued thereon which may be executed in any part of the State, and the defendant may be committed until he shall enter into a recognizance, and he may be relieved under the statute applicable to the relief of poor prisoners committed on execution for debt. 1 Comp. L., chap. 54, pp. 647–649.

The Police Court of Grand Rapids is given jurisdiction to hear, try and determine all cases of misdemeanors and of a *quasi* criminal nature committed within the corporate limits of the city, formerly within the jurisdiction of justices, and the police justice may issue process on, hear, examine and hold to bail persons charged with the commission of felonies. The intention undoubtedly was to give the police court, in criminal and *quasi* criminal offenses, the jurisdiction, as to offenses committed within the city, the same as had been possessed by justices of the peace. To this extent the jurisdiction given was exclusive and original according to the express provisions of the act. Laws 1879, p. 68. That justices of the peace did have jurisdiction in bastardy cases is clear, and we are of opinion that jurisdiction in this class of cases was conferred upon or given to the police court, under the power to hear, try and determine cases of a *quasi* criminal nature. The determination of the

police justice under the authority conferred need not necessarily be final in its nature.

The next objection urged is that the recognizance required Phalen to be and appear at the then next term of the Superior Court, on the first day of the term; that he did appear; that the cause was continued at his request until the next term thereafter, at which term he did not appear; and that having appeared at the first term he performed fully the condition of the recognizance.

By the terms of this recognizance Phalen was bound to appear day by day, and not depart from said court without leave. Now whatever the common law rule in such cases may have been,—see *People v. Dennis* 4 Mich. 617,—the statute under which this recognizance was given, provided that a continuance of the cause might be granted, and that such recognizance should remain in force until final judgment, and also provided that the sureties might have the defendant required to enter into a new recognizance. § 1975. We are of opinion therefore that under this statute, in force when this recognizance was entered into, the position assumed is not well taken.

The judgment must therefore be reversed, as no other questions are raised, with costs, and the case remanded for trial.

The other Justices concurred.