## KLEIN v. DEBWAY HATS, Inc.

District Court, S. D. New York.

Feb. 4, 1942.

Carlton Z. Solomon, and Riess, Applebaum & Kadin, all of New York City, for plaintiff.

Barron, Rice & Rockmore, of New York City (Samuel I. Rockmore, of New York City, of counsel), for defendant.

MANDELBAUM, District Judge.

The instant action is brought to recover the sum of $100 for each and every hat sold by the defendant, in violation of Section 50 of Title 35, U.S.C.A. That statute, in substance, provides for the imposition of certain penalties for falsely marking or labeling unpatented articles.

The defendant, who is charged with the violation of this statute, contends that it is unable to respond to the complaint in its present form and seeks alternative relief, namely, to direct plaintiff to separately state and number the causes of action sought to be asserted or to make the complaint more definite and certain, or for a bill of particulars of the allegations of the Fourth Paragraph of the complaint. The crux of the complaint (Paragraph Fourth) alleges that on or about February 24th, 1941 and on every day thereafter up to and including May 26th, 1941, the defendant marked upwards of 20,000 unpatented hats or similar articles.

This general allegation, together with the prayer that the defendant should be assessed $100 for each of the hats so mismarked might very well spell out 20,000 distinct and separate penalties under the statute.

The point involved has been directly passed upon in Hoyt v. Computing Scale Co., D.C., 96 F. 250. That was a case based upon an Ohio statute similar in substance to the statute in question. There a motion was made to require the plaintiff to separately state and number his causes of action. The court, in granting the motion, held that the defendant is entitled to know if the plaintiff treats each marking as a separate and distinct offense and claims a penalty therefor; and also has a right to know, before being called upon to answer, how many articles were marked each day or time of marking.

The court is mindful of the tendency for brevity in pleadings. However, this being a quasi-criminal action, the pleading should be clear and the defendant should not be called upon to categorically deny the general allegations of the complaint in order to be in a position to invoke the provisions of Rule 26 et seq. of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

The motion is granted to the following extent: Plaintiff is directed to serve a

bill of particulars of the allegations of Paragraph Fourth, in which he shall set forth each date on which defendant is claimed to have marked or affixed the legend set forth in said paragraph to hats or articles manufactured by it, together with the number of hats, or articles so marked on each date. This bill is to be served within twenty (20) days after service of a copy of this order, together with notice of entry thereon, upon plaintiff's attorney.

Settle order on notice.