George J. Luther, J.
The defendant is presently before this court charged with a violation of subdivision a of section 1129 of the Vehicle and Traffic Law. At the close of the People’s case, the defendant renewed his motion for a dismissal of the charge on the ground that the statute in question is unconstitutional by reason of its vagueness and uncertainty, decision on such motion having previously been reserved.
The facts, as revealed by the People’s ease, are as follows: The arresting officer, Trooper Richard A. Foreman, Jr., was proceeding easterly on New York State Route No. 5 in the Town of Schuyler, Herkimer County, at about 3:45 p.m. on January 18, 1960. The defendant was also proceeding easterly on that route some distance behind the arresting officer. There was no traffic between defendant’s vehicle and that of the arresting officer. It was daylight, the road, which is a two-lane highway in the Town of Schuyler, was icy and covered, lightly, by snow which had stopped falling sometime prior to the events here related. At a point on the said route immediately east of the North Frankfort bridge crossing, the arresting officer was required to stop his vehicle for a school bus. In bringing his vehicle to a stop, the arresting officer noted that defendant’s vehicle was coming up behind him at a rate of speed that would not, in the arresting officer’s opinion, permit a safe stop. The arresting officer, therefore, proceeded further easterly in order to give defendant additional braking distance. This action on the part of the arresting officer permitted the defendant to swing his vehicle to the left and to stop his vehicle abreast of the arresting officer in the westbound lane of traffic. The defendant was then charged with a violation of subdivision a of section 1129 of the Vehicle and Traffic Law.
But for the quick thinking and effective action on the part of the arresting officer, an accident might have resulted which would have subjected the defendant to a charge of violation of subdivision 1 of section 56 of the Vehicle and Traffic Law. It is with that possibility in mind that this court views subdivision a of section 1129. That section, in its entirety, reads as follows: 6 ‘ The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway.” While a violation of this statute is not a crime but a traffic infraction (Vehicle and Traffic Law, § 1800), the rules of the criminal law apply (People v. Hildebrandt, 308 N. Y. 397). The question, then, is, does this statute satisfy the requirement that “ a criminal statute must be sufficiently definite, ‘ Clear and positive ’ to give *166 1 unequivocal warning ’ to citizens of the rule which is to be obeyed (see cases cited in People v. Vetri, 309 N. Y. 401, 405-506).” (People v. Firth, 3 N Y 2d 472, 474.) In short, is “ reasonable and prudent ” a sufficient standard for a criminal statute ?
This question was specifically left unanswered in People v. Firth (supra) where the Court of Appeals, at page 476, stated: “ The position of the District Attorney and the AttorneyCeneral is that the statute [Vehicle and Traffic Law, § 56, subd. 1] means ‘ that a rate of speed is dangerous and constitutes a violation when it is unreasonable or imprudent under the surrounding conditions ’. Whether or not a statute in those words would be enforcible (see State of Oregon v. Wojahn, 204- Ore. 84; but see, as to absence of standard, Justice Brewer in Tozer v. United States, 52 F. 917, 919), we cannot twist the language of this statute into that meaning.” (Emphasis supplied.)
Reasonable and prudent in reference to the operation of a motor vehicle establish a rule of conduct which is not greatly different than the rule of ordinary care, which would apply in the absence of statute. Failure to observe ordinary care could, depending on the result of such failure, subject the offender to civil liability. But, a failure to observe ordinary care seems to me to be too uncertain and indefinite to subject such offender to criminal liability as well. The number of jurisdictions imposing a 11 reasonable and proper ’ ’ speed limit has declined and most such jurisdictions have now set ‘1 prima facie ’ ’ limits (Digest of Motor Laws, American Automobile Association, [26th ed.], 1959). For, what, in each instance, is reasonable and prudent, who is to decide, and when is such decision to be made. “What is reasonable is sometimes a question of law and at others a question of fact. When it depends upon an inference from peculiar, numerous or complicated circumstances it is usually a question of fact.” (McCarty v. Natural Carbonic Gas Co., 189 N. Y. 40, 47.) While the circumstances here; speed, traffic, and condition of the highway, are neither complicated nor numerous, they will be different for each case. The arresting officer testified that here 11 car lengths would not have been sufficient following clearance under the circumstances.
These facts must be evaluated. Certainly, they can be evaluated by me or by another Justice. If I am to evaluate such facts it will necessarily be an evaluation based, in large part, on the consequences of such alleged unreasonableness or imprudence. In ordinary cases, the defendant will be before me only as a result of the consequences. It seems to me that *167 for this statute to truly create criminal liability, it should be possible to ascertain the standard of conduct prior to any consequence. For, if ascertainment is not then possible, the statute does not give ‘ ‘ unequivocal warning of the rule which is to be obeyed ” (People v. Firth, supra). While it may very well be desirable, in the interests of safety on the public highway, to place the burden of such determination upon the public prior to any consequences, it is not at all consonant with the protection afforded the public under our criminal statutes. No one will know what the acts prohibited are until after trial in each instance. The Legislature in enacting subdivision a of section 1129 of the Vehicle and Traffic Law has cast its legislative function upon the courts which must, first, declare, in each instance, what the acts prohibited are, and, then, determine whether the defendant has committed such acts. It is submitted that only the latter duty is properly the province of this court.
The defendant’s motion is granted, the charge dismissed, and the bail heretofore posted is returned.