95 N.J. Super. 535 (1967)
231 A.2d 857
STATE OF NEW JERSEY, PLAINTIFF,
v.
GARY YOUNG, DEFENDANT.
Superior Court of New Jersey, Middlesex County Court, Law Division.
Decided June 30, 1967.
*536 Mr. Christopher R. Wood, Assistant Prosecutor, for the State (Mr. Edward J. Dolan, Prosecutor, attorney).
Mr. Arthur A. Wolpin, attorney for defendant.
CONVERY, J.S.C. (temporarily assigned).
Defendant was convicted in the Perth Amboy Municipal Court of careless driving of a motor vehicle (N.J.S.A. 39:4-97), in the Central Railroad parking lot which is controlled and meter-operated by the Municipal Parking Authority for the general use of the public. The statute provides:
"A person who drives a vehicle on a highway carelessly, or without due caution and circumspection, in a manner so as to endanger, or be likely to endanger, a person or property, shall be guilty of careless driving." (Emphasis added)
The issue is whether a motorist can be convicted of careless driving under N.J.S.A. 39:4-97 where his motor vehicle was operated in a metered parking lot.
"Highway" is defined in N.J.S.A. 39:1-1 as "the entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel." We are faced with the problem of whether or not the statutory definition of "highway" should be strictly construed.
*537 When the Legislature has clearly defined a term, courts are bound by that definition. Febbi v. Board of Review, 35 N.J. 601 (1961). In Gerber v. Board of Review, 20 N.J. 561 (1956), the court said:
"We are not permitted by construction to lessen or broaden the scope of a statute when the intention of the Legislature in a particular instance is clearly and plainly expressed." (at p. 566)
Penal and criminal statutes are to be strictly construed to avoid penalties by construction. State v. Brown, 22 N.J. 405, 415 (1956). It is settled law that our Motor Vehicle Act is a penal statute; it is quasi-criminal in its nature. State v. Rowe, 116 N.J.L. 48, 51 (Sup. Ct. 1935). In a summary proceeding on a penal ordinance or statute, nothing will be presumed or intended in favor of the complaint or conviction thereon. Ibid.
In People v. Westchester County, 282 N.Y. 224, 26 N.E.2d 27 (Ct. App. 1940), the court noted that a public highway is one over which the public has a general right of passage in motor vehicles, regardless of whether such right was established by prescription, dedication or under the right of eminent domain. Te implication is that if no right has been so established, the highway is not public.
In People v. Tracey, 6 Misc.2d 681, 167 N.Y.S.2d 320, (Sup. Ct. 1957), the court held that a privately owned parking plaza was not a "public highway" within the meaning of the New York Vehicles Driving Statute.
The prosecutor cites as authority to sustain the conviction State v. Sisti, 62 N.J. Super. 84 (App. Div. 1960), where defendant was charged with driving while under the influence of intoxicating liquor, N.J.S.A. 39:40-50. The pertinent portion of that statute reads:
"A person who operates a motor vehicle while under the influence of intoxicating liquor * * * shall be subject [penalty provided]."
The Sisti court held that
*538 "* * * a motorist who was under the influence of intoxicating liquor and who operated her automobile in one of the aisles or lanes located between designated parking spaces in the area violated the statute proscribing the operation of a motor vehicle while under influence of intoxicating liquor, notwithstanding that the parking area was private property and that the motorist was not operating her automobile on the highway."
The present case is distinguishable. The drunk driving statute does not contain the word "highway," as does the statute with which we are here concerned. That distinction is meaningful.
The appeal is based upon defendant's contention that the driving did not take place on a "highway." His contention must be upheld and the conviction must be reversed.