**STATE of Alaska, Petitioner,**

v.

**The Honorable Monroe N. CLAYTON, Hugh H. Connelly, Mary Alice Miller, Stephen Cline and Laurel J. Peterson, the Honorable Judges of the District Court for the State of Alaska, Respondents.**

**No. 3983.**

Supreme Court of Alaska.

Sept. 29, 1978.

Thomas M. Jahnke, Asst. Dist. Atty., Harry L. Davis, Dist. Atty., Fairbanks, Daniel Hickey, Chief Pros., and Avrum M. Gross, Atty. Gen., Juneau, for petitioner.

Lloyd I. Hoppner, Rice, Hoppner, Hedland, Fleischer & Ingraham, Fairbanks, for respondents.

Before BOOCHEVER, Chief Justice, and RABINOWITZ, CONNOR, BURKE and MATTHEWS, Justices.

OPINION

BOOCHEVER, Chief Justice.

The state has applied to this court for original relief [1] from orders of the district

1. Petitioner seeks relief in the form of writs of mandamus and prohibition. This relief may be obtained by an application for original relief. *See* Appellate Rules 23–25. *See also* Civil Rule 91 abolishing the writ of mandamus. We have entertained the petition under authority of Appellate Rule 25 because the relief sought cannot be had through appellate processes of appeal or petition for review. Appellate Rule 25 provides in part:

*Original Applications—Stay.*

(a) *Original Applications for Relief.* The granting by this court or a justice thereof on original application of relief heretofore avail-

able by writs authorized by law, is not a matter of right but of sound discretion sparingly exercised. The procedure for obtaining such relief shall be as follows:

(1) There must be filed with the court or a justice thereof [a] such portion of the record and proceedings of the court below as is needed for the purpose of determining whether the relief sought will be granted, and [b] an original and six legible copies of the petition prepared in conformity with Rule 12(b), accompanied by proof of service where service is required by this rule.

court in the Fourth Judicial District quashing all warrants issued for failure to appear or satisfy fines in traffic cases involving "infractions" as defined in AS 28.35.230.[2] On July 3, 1978, we entered an order granting the application for original relief and reversing the orders of the district court quashing the warrants. We indicated that an opinion would follow.

On April 11, 1978, when this issue was first addressed by the district court, Judge Clayton issued a memorandum explaining his reasoning as follows:[3]

> An "infraction" is *not* considered a *criminal* offense and *may not result in imprisonment, nor is a fine* imposed for the commission of an infraction considered a *penal or criminal punishment.*
>
> .   .   .
>
> Being non-criminal an infraction is thus civil in nature. It logically follows that the ordinary criminal procedures are unavailable for the enforcement of infractions. (emphasis in original)

Thus, Judge Clayton quashed all of his outstanding warrants in cases involving traffic "infractions." Warrants, however, would be available in traffic offense cases involving misdemeanors.

The state contends that the order quashing the warrants is without authority of law and is premised upon an incorrect reading of AS 28.35.230(c) and (d). The state requests relief ordering respondents to reinstate or issue bench warrants for the arrest of traffic violators who fail to appear or satisfy fines and forbidding the quashing of such warrants in the future except for good cause.

The basic issue presented is whether the proceedings in traffic "infraction" cases, as defined in AS 28.35.230, are criminal or civil in nature. We conclude that a prosecution for a traffic infraction is a quasi-criminal proceeding to which certain criminal procedures including the issuance of warrants are applicable.

AS 28.35.230 governs the penalties for violations of Title 28, Alaska's Motor Vehicle Act and creates three categories of traffic offenses: felonies, misdemeanors and infractions. It is true that AS 28.35.230(d) provides in part:

> (d) An infraction, as provided for in (c) of this section, is not considered a criminal offense and may not result in imprisonment, nor is a fine imposed for the commission of an infraction considered a penal or criminal punishment; nor may the commission of a single infraction result in the loss of a driver's license or privilege to drive in this state except as may result from the accumulation of points under AS 28.15.282—28.15.288, or the registration of vehicles; nor does a person cited with an infraction have a right to ·trial by jury or to court-appointed counsel.
> (e) Notwithstanding the maximum fine provided for infractions under (c) of this section, for the violation of regulations or special permits issued governing vehicle weight limits, overweight penalties shall be imposed at the rate of five cents for each pound of weight over the authorized weight limit for that vehicle.

---

(2) The petition shall set forth with particularity why the relief sought is not available in any other court, or cannot be had through appellate processes of appeal or petition for review.

**2.** AS 28.35.230 provides:

*Penalty for violations of law, regulations, and municipal ordinances.* (a) It is a misdemeanor for a person to violate a provision of this title unless the violation is by this title or other law declared to be a felony or an infraction.
(b) A person convicted of a misdemeanor for a violation of a provision of this title for which another penalty is not specifically provided is punishable by a fine of not more than $500, or by imprisonment for not more than 90 days, or by both. In addition, the privilege to drive or the registration of vehicles may be suspended or revoked.
(c) Unless otherwise specified by law a person convicted of a violation of a regulation promulgated under this title, or a municipal ordinance regulating vehicles or traffic when the municipal ordinance does not correspond to a provision of this title, is guilty of an infraction and is punishable by a fine not to exceed $300.

**3.** Although only Judge Clayton issued an explanation for his order, the parties state that some if not all district court judges in Fairbanks have refused to issue warrants or have quashed warrants for arrest of individuals charged with traffic infractions. The petitioner does not set forth the reason for naming Judge Laurel J. Peterson of Anchorage as a respondent.

An infraction . . . is not considered a criminal offense and may not result in imprisonment, nor is a fine imposed for the commission of an infraction considered a penal or criminal punishment.

That language indicates that the legislature did not intend to make minor traffic offenses criminal offenses. It does not follow, however, that the legislature by labeling infractions "non-criminal" meant that they are civil in nature and thus that criminal procedures are not available for the enforcement of infractions. We find that the legislature's purpose in enacting AS 28.35.230(d) was to eliminate the criminal stigma from minor traffic offenses while keeping the enforcement of such offenses within the criminal system's procedures.

*State v. Miller*, 348 A.2d 345 (N.H.1975), supports our conclusion. There, defendant was charged with operating an uninspected vehicle, a "violation." When a warrant was issued for his arrest, defendant filed a "motion to quash arrest on warrant" because a violation is not a crime and an "arrest on warrant" may only be made for a crime. The revised New Hampshire criminal code divided offenses into three categories: felonies, misdemeanors and violations. The statute defined "violations" as characteristically involving conduct inappropriate to an orderly society "but which do not denote criminality in their commission." The court rejected defendant's reasoning, citing the stated purpose for changing certain misdemeanors to violations which was that "the classification is to provide a framework whereby the relative seriousness of offenses may be scaled and sentences authorized accordingly." Moreover, the comments to the

code provided that violations are retained in the criminal code by reason of "the fact that use of the criminal process for enforcement has been traditional."[4] The *Miller* court concluded:

It thus appears that the classifications were for determination of punishments and were not intended to affect the "Criminal process of enforcement" which includes arrests. 348 A.2d at 346.[5]

Although there is no similar legislative history concerning the enactment of AS 28.35.-230(d), we find that, in the absence of express contrary declaration, the legislature did not intend to affect the traditional use of the criminal process for enforcement of traffic infractions. In fact, AS 28.35.230 makes no changes in the traditional mode of proceeding in criminal matters with the exception of its declaration that a person cited with an infraction does not have a right to trial by jury or to court-appointed counsel. The action is brought in the name of the state; it is commenced by the filing of a complaint by a law enforcement official; it is prosecuted by the district attorney. The exceptions appear to merely codify existing constitutional law.[6] Moreover, notwithstanding the legislative labeling of a traffic infraction a non-criminal offense by AS 28.35.230, it retains many criminal terms:

(c) Unless otherwise specified by law a person *convicted* of a *violation* of a regulation promulgated under this title, or a municipal ordinance regulating vehicles or traffic when the municipal ordinance does not correspond to a provision of this title, is *guilty* of an infraction and is *punishable by a fine* not to exceed $300. (emphasis added)

---

4. We note that both houses of the Alaska legislature have recently passed HB 661 am S entitled "An Act Revising the Criminal Laws of the State." Therein, § 11.81.250 divides offenses into three categories: felonies, misdemeanors and violations. Subsection (6) describes violations as offenses "which characteristically involve conduct inappropriate to an orderly society but which do not denote criminality in their commission." Although this Act does not affect the provisions of AS 28.35.230, the Act indicates the legislature intends that felonies and misdemeanors are not the only offenses to be handled according to the criminal processes.

5. *See People v. Cecconi*, 23 Misc.2d 164, 206 N.Y.S.2d 931, 932 (1960), holding that "[w]hile a violation of this [vehicle and traffic] statute is not a crime but a traffic infraction, the rules of the criminal law apply." *Accord, People v. Hildebrandt*, 308 N.Y. 397, 126 N.E.2d 377 (1955).

6. *See Alexander v. City of Anchorage*, 490 P.2d 910 (Alaska 1971); *Baker v. City of Fairbanks*, 471 P.2d 386 (Alaska 1970).

The legislature has created a class of quasi-criminal offenses which, while they are not serious, are to be disposed of within the criminal justice system. Such hybrid actions are not uncommon in the American legal system.[7] A quasi-criminal proceeding "is for the protection of the public." *In re Kindschi,* 52 Wash.2d 8, 319 P.2d 824, 825 (1958).[8] A prosecution for an infraction of a traffic ordinance is such a proceeding. Traffic ordinances are necessary to preserve the public peace and to protect persons and property. The violation of a traffic ordinance is conduct inappropriate to an orderly society but not denoting criminality in its commission.

At least two jurisdictions have held that the prosecution of traffic violations or infractions are quasi-criminal proceedings.[9] Others, while not specifically determining whether such proceedings are criminal, quasi-criminal or civil proceedings, have held that the rules of criminal procedure apply to such prosecutions.[10] We hold that such proceedings are quasi-criminal in nature, and that the criminal process of enforcement applies including Criminal Rule 4(a)(3).[11]

*Brown v. Multnomah County District Court,* 280 Or. 95, 570 P.2d 52 (1977), the sole case upon which respondents rely does not support an opposite result. The Oregon legislature placed the first offense of driving a motor vehicle under the influence of intoxicants (DUII) into the statutory category of traffic infractions, as distinguished from traffic crimes. The question before the court was whether, in the light of the statutory scheme, this offense may be tried without the constitutional safeguards of the right to counsel and the right to trial by jury guaranteed defendants in criminal prosecutions. In determining whether an ostensibly civil penalty proceeding remained a criminal prosecution for constitutional purposes, the *Brown* court examined a number of indicia: type of offense, penalty, collateral consequences, punitive significance and arrest and detention procedures. The *Brown* court held that:

> considering the magnitude of the potential fine, the secondary sanctions in case

---

**7.** *See Klein v. Debway Hats,* 2 F.R.D. 356 (S.D. N.Y.1942); *City of Highland Park v. Curtis,* 83 Ill.App.2d 218, 226 N.E.2d 870, 876 (1967); *United Packing House Workers of America v. Boynton,* 240 Iowa 212, 35 N.W.2d 881, 888 (1949); *People v. Phalen,* 49 Mich. 492, 13 N.W. 830, 831 (1882); *City of St. Louis v. Cain,* 137 S.W.2d 603, 604 (Mo.App.1940); *State v. Labato,* 7 N.J. 137, 80 A.2d 617, 623 (1951); *People v. Dupont,* 28 A.D.2d 1135, 284 N.Y. S.2d 661, 663 (1967); *City of Nashville v. Baker,* 167 Tenn. 669, 73 S.W.2d 169 (1934); *In re Kindschi,* 52 Wash.2d 8, 319 P.2d 824, 825 (1958).

**8.** *See State v. Laird,* 25 N.J. 298, 135 A.2d 859, 862 (1957); *Bray v. State,* 140 Ala. 172, 37 So. 250, 253 (Ala.1904), where the court observed:
> A prosecution for the violation of a municipal ordinance, designed for the preservation of the public peace, the security of the person or property, or the protection of public morals, has been held frequently by this court to be a quasi criminal proceeding and not a civil action.

**9.** *City of St. Louis v. Cain,* 137 S.W.2d 603 (Mo.App.1940); *State v. Cooper,* 129 N.J.Super. 229, 322 A.2d 836 (1974); *State v. Hammond,* 116 N.J.Super. 244, 281 A.2d 819 (1971); *State v. Young,* 95 N.J.Super. 535, 231 A.2d 857 (1967). *But see, County of Waukesha v. Mueller,* 34 Wis.2d 628, 150 N.W.2d 364, 366 (Wis.

1967), where the court stated in conclusory terms that a county speed limit ordinance case "is a civil proceeding and rules of civil procedure" apply.

**10.** *State v. Miller,* 348 A.2d 345, 346–47 (N.H. 1975); *People v. Hildebrandt,* 308 N.Y. 397, 126 N.E.2d 377 (1955); *People v. Cecconi,* 23 Misc.2d 164, 206 N.Y.S.2d 931, 932 (1960).

**11.** Criminal Rule 4(a)(3) provides:
> *Failure of Defendant to Appear After Summons.* If a defendant who has been duly summoned fails to appear or if there is reasonable cause to believe that he will fail to appear, a warrant of arrest shall issue; provided that in the case of a defendant charged with a misdemeanor traffic offense as defined in Rule 8, District Court Rules of Criminal Procedure, additional summons may issue in lieu of a warrant of arrest. If a defendant corporation fails to appear after having been duly summoned, a plea of not guilty shall be entered by the court if the court is empowered to try the offense for which the summons was issued and the court may proceed to trial and judgment without further process. If the court is not so empowered it shall proceed as though the defendant has appeared.

of non-payment, the relationship of DUII [driving a motor vehicle under the influence of intoxicants] to the other major traffic offenses, the evident legislative desire to emphasize the seriousness of this offense while facilitating its punishment, and the retention of criminal law enforcement procedures, the 1975 code did not free this offense from the punitive traits that characterize a criminal prosecution. Accordingly, petitioner is entitled to the constitutional and statutory protections afforded in the prosecutions of the other major traffic offenses that remained traffic crimes under the code. 570 P.2d at 61.

Respondents contend that in *Brown,* all these elements weighed in favor of a "criminal" as opposed to a civil offense; while in the present case, these elements, on balance, weigh in favor of a civil offense. If we were deciding whether constitutional rights to counsel and trial by jury afforded defendants in criminal prosecutions were applicable to prosecutions for traffic infractions, we would agree with respondents.[12] This, however, is not the issue before us. We hold only that the criminal procedures of enforcement are applicable to traffic infraction cases. Moreover, although it is true that some of the factors discussed in *Brown* indicate that traffic infraction cases are civil proceedings, others indicate that they are criminal. Thus, the penalty and

collateral consequences affecting loss of license partake of a criminal nature. On the balance, we find that these elements support our conclusion that the proceedings are neither criminal nor civil in nature, but quasi-criminal.

The application for original relief is granted. The district courts' orders quashing outstanding warrants issued for failure to appear or satisfy fines in traffic cases involving infractions as defined in AS 28.-35.230 are reversed. In future cases, such warrants shall not be quashed except for good cause.[13]

REVERSED.

---

12. *See Alaska Public Defender Agency v. Superior Court,* 584 P.2d 1106, Opn. No. *1733* (Alaska, *Sept. 29,* 1978) (File No. 3842); *Alexander v. City of Anchorage,* 490 P.2d 910 (Alaska 1971); *Baker v. City of Fairbanks,* 471 P.2d 386 (Alaska 1970). *But cf., State v. Knoles,* 199 Neb. 211, 256 N.W.2d 873 (Neb.1977), holding that a prosecution for a traffic infraction (an illegal U-turn), defined by the legislature as a civil offense, was a criminal prosecution within the meaning of the double jeopardy provisions of the Nebraska Constitution. In *Knoles,* a trial was had in county court where the defendant was found not guilty. On appeal to the district court by the district attorney, the judgment of the county court was reversed. The state argued that double jeopardy only attaches to criminal proceedings and that an action to recover the penalty for this traffic infraction was a civil proceeding and thus, double jeopardy did not attach. The court rejected this argu-

ment because it found this prosecution to be a criminal prosecution.

13. Petitioner also contends that the legislature improperly exercised its constitutional rule changing power in enacting AS 28.35.230(d) because, as read by respondents, it changes Criminal Rule 4(a)(3) without the legislature expressing a specific intent to change this court's rule of practice and procedure. *See Leege v. Martin,* 379 P.2d 447, 451 (Alaska 1963), holding that "a legislative enactment will not be effective to change court rules of practice and procedure unless the bill specifically states that its purpose is to effect such a change." Since we have concluded that AS 28.35.230 does not affect the power of the court to issue warrants for failure to appear in response to a citation for a traffic infraction, we need not resolve this contention.