**STATE of Alaska, Petitioner,**

v.

**Matthew Ryan EUTENEIER, Respondent.**

No. A–7602.

Court of Appeals of Alaska.

Sept. 14, 2001.

---

W.H. Hawley, Jr., Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Petitioner.

No appearance for Respondent.

Before COATS, Chief Judge, and MANNHEIMER and STEWART, Judges.

### OPINION

COATS, Chief Judge.

On October 31, 1999, Juneau police officers responded to a loud party call and discovered minors consuming alcoholic beverages. When police were denied entry into the house they obtained a search warrant that authorized them to look for evidence of minors consuming or in possession of alcoholic beverages.[1] Pursuant to the search warrant, the police entered the house and contacted Matthew Ryan Euteneier, a minor, who appeared to be intoxicated. Euteneier submitted to an Intoximeter 3000 test, which showed that his breath alcohol content was .119 percent. Euteneier was charged with consuming alcohol as a minor.[2]

Most offenses defined in Title 4 are class A misdemeanors.[3] However, the legislature has designated the offense of consuming alcohol as a minor as a "violation."[4] The only penalty for this offense is "a fine of not less than $100."[5]

Based on this fact, Euteneier asked the district court to suppress all evidence seized under the authority of the search warrant. Relying on the language of AS 12.35.020(4), Euteneier asserted that search warrants can only be issued to investigate "crimes" not "violations." Euteneier therefore argued that the court had lacked authority to issue the search warrant in his case—because the warrant purported to authorize a search for evidence of a violation. Magistrate John W. Sivertsen, Jr., agreed with Euteneier and suppressed the evidence.

The question presented here is whether the language of AS 12.35.020(4) prohibits a court from issuing a search warrant to look for evidence of a "violation" as opposed to evidence of a "crime" (a misdemeanor or a felony) that carries a potential jail sentence. We conclude that the supreme court's decision in State v. Clayton[6] answers this question: search warrants may validly be issued to investigate violations.

In Clayton, the district court quashed a series of arrest warrants issued when motorists failed to appear for their traffic cases or failed to mail in their fines. The district court ruled that, because the motorists' offenses were merely "infractions" (offenses punishable solely by a fine),[7] their traffic cases were really civil in nature. Thus, the court concluded, the enforcement procedures normally available in criminal cases (such as the issuance of arrest warrants) were not available in the motorists' traffic cases.[8]

The supreme court disagreed. The court concluded that "a prosecution for a traffic infraction is a quasi-criminal proceeding to which certain criminal procedures including the issuance of warrants are applicable."[9] While acknowledging that the legislature had labeled infractions "non-criminal," the supreme court concluded that the legislature had done this to remove the criminal stigma from traffic offenses but had intended to keep criminal procedures available to the traffic laws. The court ruled that the legislature had "created a class of quasi-criminal offenses which, while they are not serious,

---

1. District Court Judge Peter B. Froehlich issued the warrant.

2. AS 04.16.050(a).

3. See AS 04.16.180(a).

4. AS 04.16.050(b).

5. Id.

6. 584 P.2d 1111 (Alaska 1978).

7. See AS 28.35.230.

8. See Clayton, 584 P.2d at 1113.

9. Id.

are to be disposed of within the criminal justice system." [10]

The supreme court noted that there was no express legislative declaration that it intended to affect the traditional use of criminal procedures in traffic cases. Rather, the court concluded that the wording of AS 28.35.230(d) made no change in the "traditional mode of proceeding in criminal matters with the exception of its declaration that a person cited with an infraction does not have a right to trial by jury or to court-appointed counsel." [11] Thus, the supreme court found that the legislature intended to continue to enforce traffic offenses (including "infractions") with all the traditional criminal procedures.

Recently, in *State v. Dutch Harbor Seafoods, Ltd.*,[12] the supreme court reaffirmed its central holding in *Clayton* in the context of the noncriminal commercial fishing offenses defined as "violations" in AS 16.05.722: "*Clayton* recognized that, regardless of the legislative designation of such offenses as non-criminal, violations and infractions are minor criminal offenses in substance and are to be enforced and adjudicated using criminal procedures." [13]

■■■ In light of the supreme court's analysis and decisions in *Clayton* and *Dutch Harbor Seafoods*, we conclude that the "violations" defined in Title 4, like the "infractions" defined in Title 28 and the "violations" defined in Title 16, are "a class of quasi-criminal offenses which, while they are not serious, are to be disposed of within the criminal justice system." [14] We also conclude that these violations can be enforced by traditional criminal procedures, including the use of search warrants.

The decision of the district court is REVERSED. This case is remanded for further proceedings on the complaint.

10. *Id.* at 1114.

11. *Id.* at 1113.

12. 965 P.2d 738 (Alaska 1998).

13. *Id.* at 746.

14. *Clayton,* 584 P.2d at 1114; *see also Dutch Harbor Seafoods,* 965 P.2d at 745.