NOTICE

*The text of this opinion can be corrected before the opinion is published in the Pacific Reporter. Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

STATE OF ALASKA,

Appellant,

v.

KAI MEYERS,

Appellee.

Court of Appeals No. A-13067
Trial Court No. 3SW-17-01118 MO

O P I N I O N

No. 2686 — December 18, 2020

Appeal from the District Court, Third Judicial District, Seward, George Peck, Magistrate Judge.

Appearances: John J. Novak, Assistant Attorney General (opening brief, reply brief, and oral argument), and Donald Soderstrom, Assistant Attorney General, Office of Criminal Appeals, Anchorage (supplemental brief), and Kevin G. Clarkson, Attorney General, Juneau for the Appellant. Brent R. Cole, Woelber & Cole, Anchorage, for the Appellee.

Before: Allard, Chief Judge, and Wollenberg and Harbison, Judges.

Judge HARBISON, writing for the Court.
Judge WOLLENBERG, concurring.

In this appeal, we are asked to determine whether Alaska law authorizes courts to suspend imposition of sentence when a defendant is convicted of an infraction under Title 28 of the Alaska Statutes.

For the reasons we explain in this opinion, we conclude that the answer is no, and we therefore reverse the trial court's order suspending imposition of Meyers's sentence for negligent driving.

*Factual and procedural history*

Kai Meyers was convicted of negligent driving, an infraction, in violation of AS 28.35.410. The trial court initially entered a judgment suspending the imposition of Meyers's sentence for a period of 1 year.[1]

After the judgment was issued, the State filed a motion to correct illegal sentence under Alaska Criminal Rule 35(a), arguing that Alaska courts are empowered to impose a suspended imposition of sentence (SIS) only for criminal offenses, not for violations and infractions. The trial court denied the motion in a written order, stating:

> Unless the power of the court to Suspend Imposition of Sentence is *specifically* prohibited by law, it is [a] viable judicial alternative at any sentencing be it a dog at large, littering, minor offense traffic and some fish and game proceedings. . . . So unless and until one of the parties gets the judgment declared void, it stands.

The State now appeals this order, arguing that the trial court lacked both the inherent authority and the statutory authority to impose an SIS for a Title 28 infraction.

---

[1] The court later reduced the length of Meyers's suspended imposition of sentence to 6 months.

*Courts do not have inherent authority to suspend the imposition of sentence*

The trial court's order implied that the court had inherent authority to impose an SIS for Meyers's negligent driving infraction. But the parties agree that this is incorrect.

In *Pete v. State*, the Alaska Supreme Court held that "[t]he power to suspend sentences is not inherent in the judicial branch of government; the power exists only when conferred upon the judiciary by the legislature."[2]

Thus, the critical question before us is whether the legislature has authorized courts to suspend the imposition of sentences for Title 28 infractions like negligent driving.

*Why we conclude that the legislature has not authorized courts to suspend the imposition of sentence for a Title 28 infraction*

The Alaska Statutes classify noncriminal offenses as either "infractions" or "violations."[3] Infractions and violations are essentially the same type of offense — they carry no possibility of imprisonment and, generally, no right to jury trial or court-appointed counsel.[4] Under AS 28.90.010(d), an "infraction" is:

---

[2] *Pete v. State*, 379 P.2d 625, 626 (Alaska 1963); *see also Edwards v. State*, 34 P.3d 962, 968 (Alaska App. 2001) ("A court has no inherent power to suspend sentence and impose probation; any such power must be granted by legislative enactment.").

[3] *See generally*, Title 4, Title 11, Title 16, and Title 28.

[4] *See Baker v. City of Fairbanks*, 471 P.2d 386, 402 (Alaska 1970) (holding that a defendant has the right to a jury trial when the possible penalty for the offense includes (1) incarceration, (2) loss of a valuable license, or (3) a fine heavy enough to indicate criminality); *see also* AS 28.90.010(d) (a person cited with an infraction does not have the right to a jury trial or to court-appointed counsel).

not considered a criminal offense and may not result in imprisonment, nor is a fine imposed for the commission of an infraction considered a penal or criminal punishment; . . . nor does a person cited with an infraction have a right to trial by jury or to court-appointed counsel.

Similarly, AS 11.81.900(b)(67) provides that a "violation" is:

a noncriminal offense punishable only by a fine, but not by imprisonment or other penalty; conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of crime; a person charged with a violation is not entitled (A) to a trial by jury; or (B) to have a public defender or other counsel appointed at public expense to represent the person[.]

While the term "violation" is used to describe noncriminal offenses in Title 11 (Criminal Law) and in other titles, including Title 4 (Alcoholic Beverages) and Title 16 (Fish and Game), the term "infraction" is used to describe noncriminal offenses in Title 28 (Motor Vehicles).

Meyers was convicted of negligent driving in violation of AS 28.35.410, which declares that a person convicted under that statute is guilty of an infraction. Pursuant to AS 28.90.010, infractions are "punishable by a fine not to exceed $300."[5]

There is no provision in AS 28.90.010 — or in any other part of Title 28 — that specifically authorizes a court to impose probation or to suspend imposition of sentence when a defendant is convicted of an infraction. We accordingly look to the procedure by which a court may suspend imposition of sentence, which is set out in Title 12, to determine whether such authority can be found there.

---

[5] AS 28.90.010(c).

The statutory framework for suspending the imposition, execution, or balance of a sentence is found in AS 12.55.080 – .090.[6] Alaska Statute 12.55.085 specifically addresses a court's authority to suspend the imposition of sentence. This statute requires a court granting an SIS to place a defendant on probation, and it allows a court to set aside the defendant's conviction if the defendant is discharged from probation without the imposition of sentence. The statute also allows the court to revoke the defendant's probation and impose a sentence if the defendant violates the conditions of probation, commits a crime, or fails to participate in court-ordered treatment. Accordingly, when a court grants an SIS for an offense, the court must have statutory authority to place the defendant on probation for that offense.

When it was enacted, AS 12.55.090 — the statute authorizing probation — provided that a court could grant probation when "*the crime* [was] punishable by fine or imprisonment or both."[7] Similarly, AS 12.55.085 initially allowed a court to suspend the imposition of sentence only up to the maximum period of time that the defendant could be sentenced to imprisonment.[8] As a result, a court was only able to suspend the imposition of sentence for a jailable offense — *i.e.*, a crime. Stated differently, when these statutes were first enacted, neither of them provided the court with authority to grant an SIS for a noncriminal offense.

---

[6] AS 12.55.080 provides that a court entering a judgment of conviction for a crime may suspend the imposition, execution, or balance of the sentence and place the defendant on probation. AS 12.55.085 authorizes a court to suspend imposition of sentence and provides limits to this authority. AS 12.55.090 authorizes the court to place a defendant on probation and provides limits to this authority.

[7] Former AS 12.55.090(a) (1962) (emphasis added).

[8] Former AS 12.55.085 (1965).

In 1994, the legislature amended the provision of AS 12.55.085 that limited the period of a suspended imposition of sentence.[9] The sponsor who proposed the amendment explained that judges often would refrain from granting an SIS when an offender was convicted of a crime carrying a maximum jail term of only 10 to 90 days.[10] This was because AS 12.55.085 capped the period of a suspended imposition of sentence at the length of time of the maximum term of imprisonment, and judges often deemed a period of only 10 to 90 days to be too short to allow for rehabilitation.[11] To encourage courts to grant an SIS for certain lower-level crimes, the legislature amended AS 12.55.085 to permit courts to suspend the imposition of sentence for up to one year or the maximum term of imprisonment for the offense, "whichever is greater."[12]

Since this 1994 amendment to AS 12.55.085, an SIS has been more available for lower-level criminal offenders. However, nothing in the language or the legislative history of this amendment suggests that it was intended to authorize an SIS for an offense that does not carry the possibility of imprisonment — *e.g.*, for an infraction.

As we noted earlier, probation is a necessary component of an SIS. In 2008, the legislature amended AS 12.55.090 — the statute authorizing probation — with

---

[9]  *See* SLA 1994, ch. 96, § 2; *see also* Sectional Analysis for C.S.H.B. 313, 18th Leg., 2d Sess. (Jan. 28, 1994) (noting that the proposed new section amends AS 12.55.085(a) to permit judicial officers to suspend imposition of sentence in criminal cases for the maximum period of time that incarceration could be ordered or for a period of one year, whichever is greater).

[10]  *See* Sponsor Statement for Committee Substitute for House Bill 313, Representative Pete Kott (Jan. 28, 1994).

[11]  *Id.*

[12]  *See* SLA 1994, ch. 96, § 1 (amending AS 12.55.085(a)).

the specific intention of allowing courts to impose probation for certain noncriminal offenses.[13] This amendment authorized a court to impose probation "whether the *offense under AS 11 or AS 16* or the *crime* is punishable by fine or imprisonment or both."[14]

The legislative history of the 2008 amendment shows that the legislature's purpose in amending AS 12.55.090 was to permit prosecutors to resolve fish and game offenses — *i.e.*, offenses under Title 16 — as violations rather than misdemeanors while still placing the offender on probation.[15] During her testimony before the House Finance Committee, Assistant Attorney General Anne Carpeneti testified that the change would apply only to noncriminal offenses set out in Title 16, which she confirmed were all fish and game cases, and to the few noncriminal offenses set out in Title 11.[16] Since the 2008 amendment, AS 12.55.090 has allowed courts to impose probation for noncriminal offenses charged under Title 11 and Title 16, but it does not similarly authorize probation for Title 28 offenses.

Nothing in AS 12.55.085 or AS 12.55.090 — or the related statute AS 12.55.080 governing suspension of sentences — suggests that the legislature intended to allow a court to impose probation when sentencing a defendant for a traffic infraction. Indeed, placing a noncriminal traffic offender on probation, subject to conditions set by the court, would blur the distinction between traffic infractions and crimes and would contravene the legislature's clear statutory pronouncement that an

---

[13] Minutes of House Finance Comm., Senate Bill 265, testimony of Assistant Attorney General Anne Carpeneti, at 4:58:50 p.m. (Apr. 8, 2008); SLA 2008, ch. 75, § 22.

[14] SLA 2008, ch. 75, § 22 (emphasis added).

[15] Minutes of House Finance Comm., Senate Bill 265, testimony of Assistant Attorney General Anne Carpeneti, at 4:57-4:58 p.m. (Apr. 8, 2008).

[16] *Id.* at 5:03-5:04 p.m.

infraction "is not considered a criminal offense and may not result in imprisonment, nor is a fine imposed for the commission of an infraction considered a penal or criminal punishment."[17]

Meyers argues that the statutory authority for a court to impose probation and to suspend imposition of sentence for an infraction is found in AS 12.55.015, a general statute that sets out a list of "authorized sentences" that courts may impose when a defendant is convicted of "an offense." Subsection (a)(2) provides for "the defendant to be placed on probation under conditions specified by the court . . . " and subsection (a)(8) allows courts to "suspend imposition of sentence under AS 12.55.085."[18] Meyers contends that because an infraction is "an offense," these statutes provide authority for a court to impose probation and to suspend imposition of sentence when sentencing a defendant for an infraction.

We disagree. An established principle of statutory construction is that "where one statute deals with a subject in general terms and another deals with a part of the same subject in more detail, the two should be harmonized if possible, but if there is

---

[17] AS 28.90.010(d). Additionally, we note that the legislature did not provide a framework for monitoring probation or otherwise implementing a suspended imposition of sentence for traffic infractions. For example, while a court that convicts a person of a Title 28 offense is required to forward a record of the conviction to the Department of Motor Vehicles (DMV) within five working days, there is no equivalent provision requiring a court to forward a record of *setting aside* a conviction to the DMV. Similarly, although the DMV must assess points when a person is convicted of a traffic offense and will suspend a person's license if a person acquires twelve points within one year or eighteen points within two years, there is no provision of law that instructs the DMV on whether or how to *remove* points if a conviction is later set aside by the court. AS 28.15.221(a) and (b). If the legislature had intended that courts would suspend the imposition of sentence for traffic infractions, it likely would have provided statutory guidance to the courts and the DMV for monitoring and implementing an SIS.

[18] AS 12.55.015(a)(2) and AS 12.55.015(a)(8).

any conflict, the more specific statute will prevail."[19]  Although AS 12.55.015(a)(2) provides that a court may, when imposing sentence, order the defendant to be placed on probation, the authority to place a defendant on probation is addressed in more detail in AS 12.55.090, which is the statute specific to the granting of probation.

As we have explained, AS 12.55.090 authorizes a court to impose probation for a crime or for a noncriminal offense under Title 11 or Title 16.  It does not authorize a court to impose probation for a noncriminal offense under Title 28.  Because the provisions of AS 12.55.090 are more specific than the general grant of authority set out in AS 12.55.015(a)(2), we conclude that a court's authority to impose probation under AS 12.55.015(a)(2) is not broader than the limited authority provided by AS 12.55.090.

Similarly, while AS 12.55.015(a)(8) provides authority for a court to grant an SIS, it also sets out clear limits to that authority.  The statute allows the court to "suspend imposition of sentence *under AS 12.55.085*."[20]  In other words, the authority to suspend imposition of sentence pursuant to AS 12.55.015(a)(8) is limited to that granted in AS 12.55.085.  And, as we explained above, AS 12.55.085 does not authorize a court to suspend imposition of sentence for defendants convicted of traffic infractions. We therefore reject Meyers's argument that AS 12.55.015(a) provides statutory authority for a court to grant an SIS for an infraction.

---

[19]  *Lamkin v. State*, 244 P.3d 540, 541 (Alaska App. 2010) (quoting *Waiste v. State*, 808 P.2d 286, 289 (Alaska App. 1991)) (holding that the provision in AS 12.55.085(f) making a suspended imposition of sentence unavailable for certain offenses takes precedence over the provision in AS 12.55.125(e)(1) allowing a suspended imposition of sentence); *Stone v. State*, 690 P.2d 22, 24 (Alaska App.1984) (holding that the provision in former AS 17.10.200(a), specifically authorizing a maximum fine of $5,000 for the sale of cocaine, takes precedence over the provision in former AS 12.55.100(a)(1), generally authorizing fines as a condition of probation without specifying any limit on their amount).

[20]  AS 12.55.015(a)(8) (emphasis added).

The final question is whether the statutory authority for courts to suspend imposition of sentence for a traffic infraction may be found in AS 12.80.040. This statute provides:

> Except as provided in AS 11.81.900(b) and AS 28.90.010(d), all laws of the state relating to misdemeanors apply to violations and infractions, including the powers of peace officers, the jurisdiction of courts, and the periods for commencing actions and for bringing a case to trial.

Neither party cited or discussed this statute in their original briefs. Accordingly, we asked the parties for supplemental briefing on the proper interpretation of this statute.

The State argues that the legislative history of this statute demonstrates that the proper interpretation of this statute is not as broad as its plain language might suggest. The State further contends that a broad interpretation — one that includes the application of misdemeanor penalties to infractions — would "nullify the primary distinction between . . . infractions and misdemeanors."

In contrast, Meyers contends that the plain language of the statute requires a broad reading. According to Meyers, all laws of the state relating to misdemeanors, both substantive and procedural, apply to infractions with the exception of certain laws specifically referenced by AS 11.81.900(b) and AS 28.90.010(d) — *i.e.*, imprisonment, jury trial, and court-appointed counsel.

We are persuaded that the State has the better argument.

In *State v. Clayton*, the supreme court considered whether a court may issue an arrest warrant for failing to appear or for failing to satisfy fines for traffic infractions.[21] The supreme court held that the legislature did not intend to eliminate "the traditional use

_____

[21]    *State v. Clayton*, 584 P.2d 1111 (Alaska 1978).

of the criminal process for enforcement of traffic infractions," and that "the criminal process of enforcement" is applicable to infractions.[22] In its opinion, the supreme court cited with approval a New Hampshire case holding that the purpose of classifying offenses — as felonies, misdemeanors, and violations — was for "determination of punishments" and was not intended to impact the process of enforcement.[23]

Two years after *Clayton*, the legislature enacted AS 12.80.040.[24]

In 1998, in *State v. Dutch Harbor Seafoods, Ltd.*, the supreme court recognized that AS 12.80.040 was intended to codify its decision in *State v. Clayton*.[25] The supreme court read *Clayton* to mean "that, regardless of the legislative designation of such offenses as noncriminal, violations and infractions are minor criminal offenses in substance and are to be enforced and adjudicated using criminal procedures."[26] The court said nothing about the application of criminal *penalties* to violations and infractions.

Indeed, the logical extension of Meyers's argument is that we should apply not just the SIS statute but all the misdemeanor penalty provisions to infractions — a

---

[22]  *Id.* at 1114.

[23]  *Id.* at 1113 (quoting *State v. Miller*, 348 A.2d 345, 346 (N.H. 1975)).

[24]  SLA 1980, ch. 102, § 42.

[25]  *State v. Dutch Harbor Seafoods, Ltd.*, 965 P.2d 738, 744 n.12 (Alaska 1998); *see also* Commentary and Sectional Analysis for the 1980 Amendments to Alaska's Revised Criminal Code, 1980 House Journal Supp. No. 79 (May 28), at 27 (stating that AS 12.80.040 "allows peace officers to arrest a person for a violation or an infraction if the person refuses to identify himself or to accept a citation" and that it should be read together with the corresponding amendment to AS 12.25.180, governing the use of citations in connection with violations).

[26]  *Dutch Harbor Seafoods*, 965 P.2d at 746; *see also State v. Euteneier*, 31 P.3d 111, 113 (Alaska App. 2001).

broad-based application that would seemingly defeat the purpose of AS 28.90.010(d), which states that infractions are not intended to carry the stigma of a criminal offense. In *Clayton*, the supreme court explained that the legislature's purpose in enacting AS 28.90.010(d) was "to eliminate the criminal stigma from minor traffic offenses while keeping the enforcement of such offenses within the criminal system's procedures."[27] And, as we noted above, *Clayton* cited favorably a New Hampshire case that distinguished punishments — which generally apply only to a specified level of offense classification — from the enforcement mechanisms that apply *across* classification levels.[28] It follows that when the legislature included a carve-out within AS 12.80.040 for AS 28.90.010(d), the legislature intended the carve-out to exclude misdemeanor laws that would have a criminal stigma — *i.e.,* the substantive penalty provisions.

As a result, we conclude that AS 12.80.040 does not provide authority for a court to suspend imposition of sentence when sentencing an offender for an infraction.


*Conclusion*

We conclude that the legislature has not granted courts the authority to suspend imposition of sentence for Title 28 infractions. We therefore REVERSE the decision of the trial court and REMAND this case to the trial court for resentencing.

---

[27] *Clayton*, 584 P.2d at 1113.

[28] *Miller*, 348 A.2d at 346, *cited in Clayton*, 584 P.2d at 1113.

Judge WOLLENBERG, concurring.

The suspended imposition of sentence is intended to provide a form of leniency and an opportunity for rehabilitation, especially for "particularly deserving first-offenders" convicted of lower level offenses.[1] It is therefore tempting to presume that this option is available for a young defendant like Kai Meyers, who committed the infraction of negligent driving. This is particularly true because negligent driving is a lesser included offense of the crime of reckless driving, which the State acknowledged at oral argument is eligible for a suspended imposition of sentence.[2]

But courts do not have the inherent authority to suspend the imposition of sentence. Thus, any authority to do so must ultimately be granted by statute.

In the past, the legislature has directly authorized the use of a suspended imposition of sentence for a violation outside of Title 11.[3] The legislature could certainly authorize courts to grant a suspended imposition of sentence for negligent driving, expressly specifying the governing terms. However, because the legislature has not done so, I concur in the court's opinion.

---

[1]  *See State v. Huletz*, 838 P.2d 1257, 1259 (Alaska App.1992).

[2]  AS 28.35.410(b).

[3]  *See, e.g.*, former AS 04.16.050(b)(1) (pre-2016) (authorizing a court to "grant a suspended imposition of sentence under AS 12.55.085 and place the person on probation for up to one year" for the violation of minor consuming or possessing alcohol, if the person had not previously violated the same statute).